**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 17-cv-24127-DPG**

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,        Chapter 11

      Debtor,

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,       Adv. No. 16-01439-AJC

      Plaintiffs,
v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.

_____/

NLG, LLC,

      Counterclaim Plaintiff,
v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.

_____/

## APPELLANT NLG LLC'S OPPOSITION RESPONSE TO MOTION TO DISMISS APPEAL [ECF 6]

    NLG, LLC ("NLG"), through undersigned counsel, files this Opposition Response to the

Motion to Dismiss Appeal [ECF 6] (the "Motion") filed by the Debtor, Liza Hazan (the

"Debtor") and Selective Advisors Group, LLC ("Selective"), and respectfully states:

1

## BACKROUND

This appeal is from a Bankruptcy Court judgment (the "Cristol Judgment") entered on November 1, 2017 which directly conflicts with a Foreclosure Judgment entered on December 2, 2015 by Judge Monica Gordo of the 11th Judicial Circuit in and for Miami-Dade County.  As explained in NLG's Statement of Issues, the Third Amended Adversary Complaint was filed over a year after the entry of the Foreclosure Judgment. The Cristol Judgment must be vacated *nunc pro tunc* under the well settled doctrines of *Rooker-Feldman,* res judicata and collateral estoppel because every issue raised in the Bankruptcy Court and adversary proceeding was previously argued and adjudicated in state court in favor of NLG against Debtor Hazan and her husband, *i.e. Selective*. Moreover, the Bankruptcy Court did not have subject matter jurisdiction to enter the Cristol Judgment under *Rooker-Feldman.*

This instant Motion to Dismiss Appeal is just another litigation tactic from Debtor Hazan and explains why it took NLG, nine years to obtain a Foreclosure Judgment only to have Debtor Hazan declare bankruptcy the day before the Foreclosure Sale was set to occur through the Miami-Dade County Clerk.  Meanwhile, the Debtor and her husband continue to live for free in the multi-million dollar Fisher Island Property as they have done for the past 10 years at the expense of the creditors like NLG through gamesmanship of the federal and state courts.

## OPPOSITION

1.     The Receivership Order is based upon a void default judgment obtained through deficient service of process.

2.     NLG has moved to vacate the void default judgment in state court.  Attached hereto as Exhibit 1 is a true and correct copy of NLG's Amended Motion to Vacate Default Judgment and Set Aside Default (the "Motion to Vacate").

2

3.      Unfortunately, the State Court set the hearing on the Motion to Vacate for February 15, 2018.

4.      NLG and the Receiver have agreed that while the Motion to Vacate is pending, that current counsel would continue to represent NLG in all matters.

5.      To the extent needed and to clarify for this Court, the Receiver has authorized NLG and its current counsel to file and prosecute this instant appeal.

6.      To the extent needed and to clarify for this Court, the Receiver supports the filing of this instant appeal.

7.      Attached hereto as Exhibit 2, is a formal written consent from the Receiver.

8.      Additionally Debtor and Selective have no standing to challenge the Receivership Order or who has the authority to do what on behalf of NLG.

9.      NLG would be severely prejudiced if this instant appeal were to be dismissed because the Bankruptcy Court clearly erred when it entered the Cristol Judgment.

**WHEREFORE**, for the reasons set forth above, NLG respectfully requests that the Court deny the Motion to Dismiss [ECF 6], award NLG's its reasonable expenses and attorney's fees incurred litigating the Motion to Dismiss and grant such other and further relief as the Court deems appropriate.

November 28, 2017.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)</u>

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

Respectfully submitted,

3

**Attorneys for Appellant NLG, LLC**

Juan Ramirez, Jr.
Retired Chief Judge, District Court of Appeal
Florida Bar No. 201952
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609
jr@adrmiami.com

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

# EXHIBIT 1

NLG AMENDED MOTION TO VACATE DEFAULT JUDGMENT AND
MOTION TO SET ASIDE DEFAULT

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

### CASE NO.: 17-5232 CA 01

Genovese, Joblove & Battista, PA,
A Florida Professional Corporation,

      Plaintiff,

v.

NLG, LLC

      Defendant

_____/

### AMENDED MOTION TO VACATE DEFAULT JUDGMENT
### AND MOTION TO SET ASIDE DEFAULT

**COMES NOW,** Defendant NLG, LLC ("NLG"), by and through undersigned counsel and files this Amended Motion to Vacate Default Judgment and Motion to Set Aside Default, pursuant to Florida Rule of Civil Procedure 1.540 and 1.500, and in support states as follows:

      1.      On or about March 6, 2017, Genovese, Joblove & Battista, PA (herein "GJB") filed a Complaint against NLG, LLC and its Manager, Chris Kosachuk and on or about March 23, 2017, Plaintiff filed an Amended Complaint.

      2.      The summons issued in this case commanded service upon Defendant NLG, LLC, 1420 Locust Street, Unit A, Philadelphia, PA 19103, which is a Pennsylvania LLC, not a Delaware LLC.  The Return of Service is attached as Exhibit "A" states that the Process Server served NLG, LLC C/O A Registered Agent Inc. The Return attached a copy of the Summons listing the defendant as NLG, LLC, 1420 Locust Street, Unit A, Philadelphia, PA 19103.

EXHIBIT 1         6

3.      As the Third District stated in <u>Seymour v. Panchita Inv., Inc</u>, 28 So. 3d 194, 196 (Fla. 3d DCA 2010), "A summons **properly issued** and served is the method by which a court acquires jurisdiction over a defendant." (Emphasis added). The summons in this case was not properly issued against NLG, LLC, the Delaware LLC.

4.      Plaintiff, having entered into a formal retainer agreement with NLG, LLC, knew that NLG is and has always been a Delaware LLC and its place of business is 854 Pheasant Run Road, West Chester, PA 19382, yet never attempted to serve NLG there.

5.      A review of the Pennsylvania Secretary of State's Business Entity search reveals a Pennsylvania LLC also named NLG, LLC with the above referenced Locust Street address. Attached hereto as Exhibit "B" is the Pennsylvania Secretary of State's information page confirming the address and existence of the Pennsylvania NLG, LLC.

6.      Chris Kosachuk, the manager of NLG, LLC, the Delaware LLC, has researched what occurred with the service and has learned that his former registered agent, A Register Agent Inc. does not forward the papers by mail, but simply sends an email to their clients notifying them of the service and attaching the papers in electronic format.

7.      Neither Chris Kosachuk, nor NLG, LLC, received any notification of the lawsuit.  In Philadelphia, Pennsylvania, the suit papers were never forwarded to the Defendant in this case. Email sent by A Register Agent Inc. to Mr. Kosachuk went into his junk inbox. Upon learning of this unreliable method of forwarding papers to their clients, Mr. Kosachuk fired A Register Agent Inc. and replaced it with a new registered agent.

8.      Additionally, the Process Server failed to comply with section 48.031(5), Fla. Stat., in that he failed to "place, on the first page of at least one of the processes served, the date and time of

EXHIBIT 1                               7

service and his or her identification number and initials for all service of process." Attached is a copy of the papers delivered to A Register Agent Inc. as Exhibit "C."

9.      As the Summons was fatally defective, no valid service was ever effected on NLG, LLC, the Delaware LLC.

10.     It has long been the law that "a total want of service… confers no jurisdiction of the person by the court." *State ex rel. Gore v. Chillingworth*, 126 Fla. 645, 652, 171 So. 649, 652 (1936).

11.     In *Nussbaum v. Cooke*, 709 So. 2d 621, 622 (Fla. 4th DCA 1998), the Court explained:

> A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.

12.     In this case, there was no valid service and the defendant received no notice. *See also Sewell v. Colee*, 132 So. 3d 1186 (Fla. 3d DCA 2014). *And see Castro v. Charter Club*, Inc., 114 So. 3d 1055, 1059 (Fla. 3d DCA 2013), where the appellate court noted, "[i]t is axiomatic, that a judgment entered without due service of process is void," and "where a judgment is void due to defective service, the party seeking to vacate such a judgment need not show any other basis for vacating the judgment."

13.     On May 15, 2017, this Court entered default against NLG, without any notice to NLG, its manager or undersigned counsel.

14.     On June 6, 2017, Plaintiff filed a Motion for Final Default Judgment, without any notice or service to NLG, its manager or undersigned counsel.

EXHIBIT 1                8

15.     On June 9, 2017, Plaintiff filed a Notice of Hearing on the Motion for Final Default Judgment, but NLG, its manager or undersigned counsel were never served, as the notice itself bears out. The Notice falsely certified that "a bona-fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that because of time considerations, such effort was not made, but will be made prior to the scheduled hearing." Attached hereto as Exhibit "D." This certification was not only false, but in a blatant effort to prevent NLG from defending itself as Plaintiff knew the undersigned counsel had been representing the defendant for years, as more fully set forth below.

16.     On June 20, 2017, this Court entered a Final Judgment against NLG, again without any notice to NLG, its manager or undersigned counsel and without an evidentiary hearing, not only for the amount claimed in the Amended Complaint, but also for attorney's fees in the amount of $4,505.54, despite a total absence of any supporting documentation or affidavit in support for those fees.

17.     GJB has NLG's address, telephone number as well as all contact information for its manager, Mr. Kosachuk as well as undersigned counsel. Providing the defendant and/or its Counsel with actual notice would have been very simple, assuming Plaintiff truly wanted to give its former client a fair opportunity to defend itself.

18.     Undersigned counsel has been continuously representing NLG in a foreclosure matter since October 15, 2014, and before this Court after the foreclosure was remanded from the Third District pursuant to a mandate on November 25, 2014. This Court entered a Final Judgment of Foreclosure in the case.  *See NLG, LLC v. Elizabeth Hazan et. al*. Case No. 11-042770.

19.     Plaintiff knew that undersigned counsel was representing NLG and in fact undersigned counsel and Plaintiff had meetings, exchanged correspondence and appeared in court

EXHIBIT 1                    9

before Judge Cristol together at more than one hearing with Mssrs. Moses and Friedman of GJB. In addition, undersigned counsel and Plaintiff have offices in the same office building. GJB knew full well that undersigned counsel had been, was and is currently representing NLG in the prosecution of the long-drawn out and hotly contested foreclosure.

20.     NLG has actively and diligently prosecuted and defended every action in every jurisdiction through various counsel in Delaware, New York and Pennsylvania.

21.     Knowing that NLG was represented by counsel and that counsel was actively defending NLG, Plaintiff had an affirmative obligation to serve counsel of record before seeking a default and a default final judgment. However, Plaintiff failed to serve undersigned counsel or defendant's manager.

22.     If the plaintiff or counsel know that the defendant was or would be represented by counsel and desired actively to defend the case, notice should be provided even though no pleading has been filed. *See Mesones v. Jabbour*, 639 So. 2d 1000 (Fla. 4th DCA 1994); *Reicheinbach v. Southeast Bank, N.A.*, 462 So. 2d 611 (Fla. 3d DCA 1985); *Hendrix v. Dep't Stores Nat'l Bank*, 177 So. 3d 288 (Fla. 4th DCA 2015).

23.     Furthermore, GJB and Mr. Kosachuk were discussing further representation of NLG in the bankruptcy court in an adversary proceeding where trial was scheduled for July 13, 2017. Mr. Moses never mentioned to Mr. Kosachuk that GJB had already obtained a default judgment against NLG, further demonstrating Plaintiff's bad faith.

24.     Without notice to Mr. Kosachuk or NLG or undersigned counsel, GJB allegedly assigned its default judgment to DB Mortgage, LLC on or about July 26, 2017. However, no assignment of the default judgment is recorded in the public records of Miami-Dade County.

EXHIBIT 1                    10

25.     GJB also never provided notice of the assignment of default judgment to Kosachuk or NLG or undersigned counsel.

26.     Again without notice and having already assigned the default judgment to DB Mortgage, on August 11, 2017, GJB sought a writ of execution from the Miami-Dade County Clerk. The writ was delivered to GJB notwithstanding the assignment to DB Mortgage.

27.     Six days later on August 17, 2017, counsel for DB Mortgage, but claiming to be counsel for GJB, filed an unverified motion to invoke proceedings supplementary in execution and to appoint receiver for defendant.  Attached hereto as Exhibit "E."

28.     While the title of the Motion reads "Verified," it was not verified and not even signed by Counsel Rodriguez. As the Court can plainly see, this signature line is blank.  Counsel Rodriguez has tried to correct this defect by signing the motion and refiling it on or about September 25, 2017.

29.     On August 22, 2017, Counsel Rodriguez filed a notice of hearing and certificate of service purporting to serve Mr. Kosachuk, but Mr. Kosachuk was never served with the notice of hearing nor the Motion itself.

30.     On or about September 5, 2017, this Court apparently entered an order granting the proceedings supplementary.

31.     On Friday, September 15, 2017, undersigned counsel for NLG learned for the first time of the above sequence of events when a lawyer named Eric Silver of the Stearns Weaver firm, as attorney for court appointed receiver Drew Dillworth, contacted undersigned counsel.

32.     As the default and the final judgment were entered without valid service of process on NLG, LLC, the Delaware LLC, its counsel of record, nor Mr. Kosachuk, it is void and no other basis need be shown.

EXHIBIT 1                                11

33.     Even if the Court were to determine that service of the complaint occurred, the Default Judgment is still void ab initio because there was no evidentiary hearing to determine the unliquidated damages awarded in the Final Judgment.  The attorney's fees awarded in the Default Judgment were all unliquidated.

34.     While a default admits all well-pleaded allegations of a complaint including a plaintiff's entitlement to liquidated damages, it does not admit entitlement to unliquidated damages. Bowman v. Kingsland Development, Inc., 432 So. 2d 660, 662 (Fla. 5th DCA 1983). Damages are liquidated "when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Id. at 662. Damages are not liquidated, however, "if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment." Id. at 663 Claims for reasonable attorney's fees are considered unliquidated damages. See id.; see also Latin American Cafeteria, Inc. v. Zales Meats Distributors, Inc., 921 So. 2d 768, 771 (Fla. 3d DCA 2006). In this case, the court awarded $42,270.93 in unliquidated damages (other than the court costs).

35.     GJB sought damages for breach of contract, quantum meruit, open account and account stated which are all unliquidated damages claims. These damages were not established by the parties' agreement nor are they capable of being determined by arithmetical calculation. Instead, these damages require testimony to ascertain a value and are properly categorized as unliquidated. See Rich v. Spivey, 922 So. 2d 326 (Fla. 1st DCA 2006).

36.     NLG was entitled to notice and an opportunity to be heard prior by the court awarding such damages. Viets v. American Recruiters Enterprises, Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006) at 1095.

EXHIBIT 1                    12

37.     It is well settled that a defaulting party "has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." Bowman v. Kingsland Development, Inc., 432 So. 2d 660, 663 (Fla. 5th DCA 1983) accord Watson v. Internet Billing Co., Ltd., 882 So. 2d 533 (Fla. 4th DCA 2004); Pierce v. Anglin, 721 So. 2d 781 (Fla. 1st DCA 1998). Indeed, "[t]he setting of unliquidated damages without the required notice and without proof is regarded as fundamental error." Security Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So. 2d 795, 800 (Fla. 3d DCA 1996), approved, 698 So. 2d 254, 256 (Fla. 1997); see also, Williams v. Direct Dispensing, Inc., 630 So. 2d 1195 (Fla. 3d DCA 1994); Buffington v. Torcise, 504 So. 2d 490 (Fla. 3d DCA 1987).

38.     Indeed, due process requires fair notice and a real opportunity to be heard before judgment is rendered. Where an action involves - as in this case - unliquidated damages, "a party against whom default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend." Viets v. American Recruiters Enterprises, Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006).  A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void, and Rule 1.540(b)(4) provides relief from void judgments at any time. Viets, 922 So. 2d at 1095 (reversing default final judgment awarding unliquidated damages where judgment was entered upon just the proposed order being sent by mail to the court; plaintiff denied due process); Hutchinson v. Chase Manhattan Bank, 922 So. 2d 311, 315 (Fla. 2d DCA 2006)(where appellant did not receive notice before entry of orders, the appropriate procedure for attacking void judgment was Rule 1.540(b)); Shields v. Flinn, 528 So. 2d 967, 968 (Fla. 3d DCA 1988)(relief from void judgment may be granted at any time).

39.     "[The] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the

EXHIBIT 1                                                    13

judgment." <u>Wiggins v. Tigrent, Inc</u>., 147 So. 3d 76, 81 (Fla. 2d DCA 2014); <u>see also</u> <u>Horton v. Rodriguez Espaillat y Asociados</u>, 926 So. 2d 436, 437 (Fla. 3d DCA 2006) (holding that the trial court must vacate a void judgment).

**WHEREFORE**, for all the foregoing reasons stated herein, Defendant, NLG, LLC, by and through undersigned counsel, respectfully requests this Honorable Court grant this Amended Motion to Vacate and Set Aside Default Judgment and vacate and set aside the Order Granting Plaintiff's Motion for Proceedings Supplementary to Execution To Appoint Receiver with prejudice *nunc pro tunc*, award NLG all legal fees incurred prosecuting this Motion and for other such relief that this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 26 day of October, 2017, on all counsel or parties of record on the Electronic Service List.

> JUAN RAMIREZ, JR.
> ADR Miami LLC
> 1172 So. Dixie Hwy. #341
> Coral Gables, Florida 33146
> Tel: (305) 667-6609
> Fax: (866) 863-4313
>
> ___/s/ *Juan Ramirez, Jr.* ___
> Juan Ramirez, Jr.
> Florida Bar No. 201952
> (jr@adrmiami.com)
> *Counsel for Defendant, NLG, LLC,*
> *A Delaware LLC.*

EXHIBIT 1                    14

EXHIBIT "A"

EXHIBIT 1                                            15

Filing # 56161256 E-Filed 05/09/2017 09:41:05 AM

VERIFIED RETURN OF SERVICE

| State of Florida | County of Dade | Circuit Court |
|---|---|---|

Case Number: 17-5232-CA-02

Plaintiff:
**GENOVESE JOBLOVE & BATISTA P.A.**

vs.

Defendant:
**NLG LLC, ET AL.**

For:
Darci Cohen, Esq.
GENOVESE JOBLOVE ET AL
100 Se 2 Street
#3300
Miami, FL 33131

Received by LEGAL PROCESS SERVICE & INVESTIGATIONS, LLC on the 6th day of April, 2017 at 1:37 pm to be served on **NLG, LLC C/O A REGISTERED AGENT INC., REGISTERED AGENT, 8 THE GREEN, SUITE A, DOVER, DE 19901.**

I, Jason V. Kuczeriawenko, do hereby affirm that on the **18th day of April, 2017** at **3:42 pm, I:**

**EFFECTED CORPORATE SERVICE** by delivering a true copy of the **SUMMONS AND AMENDED COMPLAINT** with my initials; identification number; the date and hour of service endorsed thereon by me to: **DEBBIE WOODS** as **RECEIVING AGENT FOR RA** for NLG, LLC, at the address of: **8 THE GREEN, SUITE A, DOVER, DE 19901,** and informed said person of the contents therein, in compliance with Florida Statutes

I do hereby certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true and correct to the best of my knowledge. NO NOTARY REQUIRED PER FLORIDA STATUTE.

_____

Jason V. Kuczeriawenko
Process Server

**LEGAL PROCESS SERVICE &
INVESTIGATIONS, LLC
8724 SW 72nd Street
#402
Miami, FL 33173
(305) 412-1178**
Our Job Serial Number: LIM-2017000738

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

# EXHIBIT 1                    16

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

       Plaintiff,

v.

NLG,   LLC   and   CHRISTOPHER
KOSACHUK,

       Defendants.

_____/

## SUMMONS

STATE OF FLORIDA:

To Each Sheriff of Said State or Processor Server:

       YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

**NLG, LLC**
1420 Locust Street, Unit A
Philadelphia, PA 19103

       Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **Darci E. Cohen, Esq.**, whose address is: Genovese Joblove and Battista, 100 Southeast Second Street, 44th Floor, Miami, FL 33131, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____MAR 0 7 2017_____, 2017.

       Harvey Ruvin
       Clerk of the Court

       By: _____
              as Deputy Clerk

9000-189 / #4

# EXHIBIT 1                    17

EXHIBIT "B"

EXHIBIT 1                    18

Corporations ▾    Search Business Entities (corpsearch.aspx)    Search UCC Transactions (uccsearch.aspx)    Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)    Register (../Account/Register_account)    Login (../Account/ValidateUser)

Search entity / Select entity / Order documents

## Order Business Documents

Date: 09/20/2017

### Business Name History

| Name | Name Type |
|------|-----------|
| NLG, LLC | Current Name |

### Business Entity Details
### Officers

| Name | NLG, LLC |
|------|----------|
| Entity Number | 3756139 |
| Entity Type | Limited Liability Company |
| Status | Active |
| Citizenship | Domestic |
| Entity Creation Date | 09/17/2007 |
| Effective Date | 09/17/2007 |
| State Of Inc | PA |
| Address | 1420 Locust Street Unit A Philadelphia PA 19103 Philadelphia |

### Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 ▾ entries                                                                Filter Records 🔍 [                    ]

| Select | Date | Document | Pages | Plain Copy Quantity # | Price | Certified Copy Quantity # | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|--------|------|----------|-------|----------------------|-------|--------------------------|---------------------|-------------|-----------------|---------------|------------|
| ☐ | 09/17/2007 | Certificate of Organization 1 | 1 | [1] | $3.00 | [0] | $40.00 | | | | |

Showing 1 to 1 of 1 entries                                                        Previous  1  Next

| ☐ | All Dates | All Certified Copies | 1 | Quantity # [1] | $43.00 | | | | | | |

### Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | | Line Total |
|--------|------|----------|-------|-----------|-------|--|------------|
| ☐ | 09/20/2017 | Subsistence Certificate | 1 | [1] | $40.00 | | |

EXHIBIT 1                                              19

| | 09/20/2017 | Index and Docketing Report | 1 | | 1 | $15.00 | | |
| | 09/20/2017 | Index and Docketing Certified Report | 1 | | 1 | $55.00 | | |

Order Total :

<< Back to Search Results

Login

EXHIBIT 1

20

EXHIBIT "C"

EXHIBIT 1                                        21

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

      Plaintiff,

v.

NLG, LLC and CHRISTOPHER
KOSACHUK,

      Defendants.

_____/

### SUMMONS

STATE OF FLORIDA:

To Each Sheriff of Said State or Processor Server:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

**NLG, LLC**
1420 Locust Street, Unit A
Philadelphia, PA 19103

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: **Darci E. Cohen, Esq.,** whose address is: Genovese Joblove and Battista, 100 Southeast Second Street, 44th Floor, Miami, FL 33131, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____ MAR 0 7 2017 _____, 2017.

      Harvey Ruvin
      Clerk of the Court

      By: _____
          as Deputy Clerk

9000-189 / #4

# EXHIBIT 1       22

Filing # 54148926 E-Filed 03/23/2017 04:56:48 PM

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

        Plaintiff,

v.

NLG, LLC, a Delaware limited liability
company,

        Defendant.

_____/

### AMENDED COMPLAINT

    Plaintiff Genovese Joblove & Battista, P.A. ("GJB" or "Plaintiff"), by and through the

undersigned counsel, sues Defendant NLG, LLC ("NLG" or "Defendant") and states as follows:

### PARTIES, VENUE & JURISDICTION

    1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs

and attorneys' fees.

    2.    GJB is a law firm organized as a Florida professional association, which transacts

business and maintains its principal place of business in Miami-Dade County, Florida.

    3.    NLG is a Delaware limited liability company.

    4.    This Court has jurisdiction over this matter as the amount in controversy exceeds

the jurisdictional threshold for this Court. Defendant failed to compensate GJB for services

rendered and performed in the State of Florida and the contract at issue was entered into in the

State of Florida.

    5.    Venue is proper before this Court because (i) Defendant expressly consented to

such venue pursuant to the terms of the Contract (as defined below) entered into with GJB, and

## EXHIBIT 1        23

(ii) pursuant to Section 47.051 of the Florida Statutes, the causes of action asserted herein accrued in Miami-Dade County, Florida as payments due to GJB were paid and due to be paid in Miami-Dade County.

6.     Defendant is also subject to the long-arm jurisdiction of this Court pursuant to Section 48.193 of the Florida Statutes because, at all times material hereto, it: (i) operated, conducted, engaged in, or carried on a business or business ventures within the State of Florida, as more particularly described below; (ii) committed a tortious act within the State of Florida; (iii) caused injury to persons within this state arising out of an act or omission by NLG outside of the state; (iv) breaching a contract in Florida by failing to perform acts required by the contract to be performed in Florida; and/or (v) conducted and engaged in substantial and non-isolated business activities within the State of Florida.

7.     In addition, the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play or substantial justice, and is otherwise consistent with the provisions of the U.S. Constitution.

**GENERAL ALLEGATIONS**

8.     On or about August 24, 2016, Chris Kosachuk, on behalf of Defendant, executed and delivered to GJB an Engagement Letter and incorporated Standard Terms and Conditions of Engagement (the "Contract"), in which GJB agreed to provide legal services to Defendant arising out of matters involving a Chapter 11 bankruptcy case of Elizabeth Hazan (the "Hazan Bankruptcy Matter") pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). A true and correct copy of the Contract is attached hereto as Exhibit "A."

9.     GJB provided legal services to Defendant in connection with the Hazan Bankruptcy Matter between August of 2016 and January 2017.

2

EXHIBIT 1                                    24

10.     At all times, Defendant directed, was aware of and consented and agreed to the actions taken by GJB on their behalf in connection with the Hazan Bankruptcy Matter.

11.     Defendant agreed to pay GJB for the legal services rendered in connection with the Hazan Bankruptcy Matter, including but not limited to, all legal fees, costs and expenses.

12.     GJB sent invoices (the "Billing Statements") to Defendant for the monthly balance of legal fees and costs for services rendered and costs incurred from August 2016 through January 2017.

13.     A true and correct copy of the Bill and Payment Report reflecting the Billing Statements and payment history is attached hereto as Exhibit "B."[1]

14.     Defendant was responsible for payment of the services rendered by GJB and payments were to be sent to GJB's offices in Miami-Dade County, Florida.

15.     Pursuant to the Contract, GJB agreed to and in fact rendered valuable legal services to and for the benefit of Defendant. In connection therewith, GJB was owed a total of $37,205.35 in fees and costs on behalf of the Defendant, as evidenced by the attached Bill and Payment Report (the "Amount Due").

16.     Defendant was made aware of the amounts owed through GJB's regular billing, as evidenced by the Billing Statements, as well as several emails to Defendant.

17.     Despite multiple demands by GJB to pay, Defendant has failed to pay the remaining Amount Due.

18.     As a result, on January 12, 2017, GJB filed a motion in the Hazan Bankruptcy Matter seeking permission from the Bankruptcy Court to withdraw from the representation of the Defendant therein.

---

[1]     To maintain the attorney-client privilege and work product doctrine, copies of the Billing Statements are not being attached to this Complaint, but will be provided to Defendant or the Court upon request.

# EXHIBIT 1                                    25

19. On January 23, 2017, the Bankruptcy Court entered an order authorizing GJB to withdraw from such representation.

20. The provisions of the Contract attached hereto as Exhibit "A" include an agreement that, in any litigation to enforce the terms of the Contract, the prevailing party shall be entitled to recover all costs, including attorneys' fees, incurred.

21. In order to prosecute this action, GJB has retained the services of counsel and is obligated to pay such counsel a reasonable fee.

22. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

### COUNT I – BREACH OF CONTRACT

23. GJB incorporates the allegations contained in Paragraphs 1- 21 as if fully set forth herein.

24. On or about August 24, 2016, GJB and Defendant entered into the Contract whereby GJB agreed to and did provide legal services on behalf of Defendant.

25. Defendant breached the Contract with GJB by, among other things, failing and refusing to pay GJB the remaining amounts due as set forth in the Billing Statements, which equals $37,205.35, exclusive of interest, attorneys' fees and costs in defending this action.

26. As a direct and proximate result of the breach of the Contract by Defendant as stated above, GJB has suffered damages.

WHEREFORE, Plaintiff Genovese, Joblove & Battista, P.A. respectfully requests that this Court enter judgment against Defendant NLG, LLC in the amount of $37,205.35, plus pre-judgment interest, attorneys' fees and costs in defending this action, and for such other and further relief as the Court deems appropriate.

4

EXHIBIT 1                    26

CASE NO. 17-5232 CA (02)

### COUNT II – QUANTUM MERUIT

27.     GJB incorporates the allegations contained in Paragraphs 1-21 as if fully set forth herein.

28.     As an alternative to Court I, Defendant employed GJB to represent them in the Hazan Bankruptcy Matter, and GJB provided legal services to and has incurred costs on behalf of Defendant.

29.     At all times material, Defendant had knowledge of, understood and appreciated the benefit they were receiving from GJB and voluntarily accepted and retained the benefit of the legal services provided and costs advanced on their behalf by GJB in connection with the Hazan Bankruptcy Matter.

30.     Defendant benefitted from the legal services provided by GJB such that Defendant would be unjustly enriched if allowed to retain the benefits resulting from the legal services performed and costs incurred on their behalf without having to compensate GJB for those benefits provided.  Accordingly, GJB is entitled to the reasonable value of the professional services rendered to and cost incurred on behalf of Defendant.

31.     The reasonable value of the legal services and costs incurred by GJB which remain unpaid is $37,205.35.

32.     Defendant owes GJB the reasonable value of the unpaid services and costs.

33.     As a direct and proximate result of Defendant's failure to pay the professional fees and costs as stated above, GJB has suffered damages.

WHEREFORE, Plaintiff Genovese Joblove & Battista, P.A. respectfully requests that this Court enter judgment against Defendant NLG, LLC in the amount of $37,205.35, plus pre-judgment interest and costs, and for such other and further relief as the Court deems appropriate.

5

# EXHIBIT 1                          27

CASE NO. 17-5232 CA (02)

## COUNT III – OPEN ACCOUNT

34. GJB incorporates the allegations contained in Paragraphs 1-21, as if fully set forth herein, except to the extent they would be inconsistent with the allegations contained in this Count.

35. Defendant owes GJB the remaining balance of $37,205.35, plus pre-judgment interest, attorneys' fees and costs, for services rendered from August 2016 through January 2017, according to the Billing Statements.

WHEREFORE, Plaintiff Genovese Joblove & Battista, P.A. respectfully requests that this Court enter judgment against Defendant NLG, LLC in the amount of $37,205.35, plus pre-judgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## COUNT IV – ACCOUNT STATED

36. GJB incorporates the allegations contained in Paragraphs 1-21, as if fully set forth herein, except to the extent they would be inconsistent with the allegations contained in this Count.

37. Before the institution of this action, GJB and Defendant had business transactions between them, and at various times in 2016 and 2017 the parties agreed that Defendant owed to GJB certain amounts, and that the amounts owed were due.

38. GJB rendered statements of account to Defendant for services rendered to the Defendant in the Hazan Bankruptcy Matter and Defendant did not object to the Billing Statements when presented.

39. Defendant has not paid in full the amounts owed.

40. Defendant owes GJB the sum of $37,205.35, plus pre-judgment interest, as reflected in the Billing Statements.

# EXHIBIT 1                    28

CASE NO. 17-5232 CA (02)

WHEREFORE, Plaintiff Genovese Joblove & Battista, P.A. respectfully requests that this Court enter judgment against Defendant NLG, LLC, in the amount of $37,205.35, plus pre-judgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

Dated:  March 23, 2017                    Respectfully submitted,

                                          **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                          Miami Tower, 44th Floor
                                          100 Southeast Second Street
                                          Miami, Florida  33131
                                          Telephone:  (305) 349-2300
                                          Facsimile:    (305) 349-2310


                                          By:  /s/ Darci E. Cohen
                                                Darci E. Cohen
                                                Florida Bar No.: 816000
                                                dcohen@gjb-law.com

9000-189 / #46

7

EXHIBIT 1                                                          29

# Exhibit "A"

EXHIBIT 1                                      30



**GENOVESE**

**JOBLOVE &**

**BATTISTA**
— P.A. —
ATTORNEYS AT LAW

**Glenn D. Moses, Esq.**
**Telephone: 305-372-2522**
**Email: gmoses@gjb-law.com**

August 24, 2016

**VIA E-MAIL**

NLG, LLC
c/o Christopher Kosachuk
854 Pheasant Run Road
West Chester, PA 19382

      **Re:**   **Retention Agreement**

Dear Chris:

      We are pleased that NLG, LLC has decided to engage GENOVESE JOBLOVE & BATTISTA, P.A. (the "Firm") to represent its interests in connection with the Chapter 11 case of Elizabeth Hazan, pending in the United States Bankruptcy Court for the Southern District of Florida, and in particular the adversary proceeding commenced by Selective Advisors Group, LLC. Consistent with the rules of professional responsibility which govern all attorneys, it is our firm's practice to advise clients in writing of the terms and conditions under which we undertake a representation.

      First, to protect both of us and to comply with our professional obligations, this engagement is subject to clearance of any conflicts of interest with present or former clients of our firm. We have performed a conflict check regarding those parties presently involved and have determined that no conflict exists at this time. However, in order to help us in the future, if you become aware of additional potential adverse parties, then please provide us with the name of any such person or entity as soon as possible.

      I will have primary responsibility for this matter, and may use other attorneys and legal assistants in the firm in the best exercise of my professional judgment. My standard hourly rate is $525.00, but as a professional courtesy will reduce my rate to $450.00/hour. Our firm will provide legal services and bill for those services and requisite out-of-pocket expenses in accordance with the provisions set forth herein and in our Standard Terms and Conditions, which are annexed to and made a part of this letter agreement.

      The Firm requires a Security Retainer in the total amount of $25,000 (the "Security Retainer"). The Security Retainer will be held in trust pending our final bill in this matter. We will bill you on a monthly basis and payment will be due in accordance with our Standard Terms

---

EXHIBIT 1       **31**

NLG, LLC
c/o Christopher Kosachuk
August 24, 2016
Page 2

and Conditions. Upon the conclusion of the engagement, we will apply the final bill to the Security Retainer and refund any balance to you.

We want to assure you that we will endeavor to serve you effectively and strive to represent your interests efficiently. To advance these goals, you agree to disclose fully and accurately all pertinent facts and keep us apprised of all developments in this matter. You further agree otherwise to cooperate fully with us and to be available to attend such meetings as are appropriate.

Please review this agreement carefully, and if you have any questions concerning the foregoing terms and conditions, do not hesitate to contact me. If this agreement is acceptable to you, please acknowledge that you have reviewed it, understand it, and desire to retain us on the basis of the terms of this letter and attachment by signing and delivering to us the enclosed copy along with the Security Retainer in the amount of $25,000.00. We recommend that you keep a copy of this letter and our Standard Terms in your file.

Thank you for allowing us to be of service.

Sincerely,

GENOVESE JOBLOVE & BATTISTA, P.A.

By: _____
Glenn D. Moses

*Attachment*

THE ABOVE IS ACCEPTED AND AGREED TO:

NLG, LLC

By:_____

Its: _____

Dated: _____

[11634-001/2600235/1]

# EXHIBIT 1

32

NLG, LLC
c/o Christopher Kosachuk
August 24, 2016
Page 2

and Conditions.  Upon the conclusion of the engagement, we will apply the final bill to the Security Retainer and refund any balance to you.

We want to assure you that we will endeavor to serve you effectively and strive to represent your interests efficiently.  To advance these goals, you agree to disclose fully and accurately all pertinent facts and keep us apprised of all developments in this matter.  You further agree otherwise to cooperate fully with us and to be available to attend such meetings as are appropriate.

Please review this agreement carefully, and if you have any questions concerning the foregoing terms and conditions, do not hesitate to contact me.  If this agreement is acceptable to you, please acknowledge that you have reviewed it, understand it, and desire to retain us on the basis of the terms of this letter and attachment by signing and delivering to us the enclosed copy along with the Security Retainer in the amount of $25,000.00.  We recommend that you keep a copy of this letter and our Standard Terms in your file.

Thank you for allowing us to be of service.

Sincerely,

GENOVESE JOBLOVE & BATTISTA, P.A.

By: _____
        Glenn D. Moses

*Attachment*

THE ABOVE IS ACCEPTED AND AGREED TO:

NLG, LLC
By: _____
Its:  MANAGER
Dated:  8/29/16

[11634-001/2600235/1]

EXHIBIT 1                    33

## STANDARD TERMS AND CONDITIONS OF ENGAGEMENT

1.  **Fees**: We take into account many factors in billing for services rendered. The principal factor is our schedule of hourly rates, and most statements for services are the product of the time worked (in units of tenths of an hour) multiplied by the hourly rates for the attorneys and legal assistants who did the work. The client will be billed for all time spent on its behalf, including without limitation conferences, telephone calls, drafting, research, and travel.

It is impossible to determine in advance how much time will be needed, since that depends on many things beyond our control. Any figures we give you for the cost of all or part of our engagement are merely estimates.

Our schedule of hourly rates for attorneys and other members of the professional staff is based on years of experience, specialization in training and practice, level of professional attainment, and overhead costs. Currently our hourly rates range from $120 for legal assistants to $625 for our most senior partners. We reconsider our schedule of hourly rates annually, and may revise them at that time. If we change our rates, the new rates will go into effect only upon notice to the client. Upon request, we will provide a client with the rates of those professional staff working on an engagement.

2.  **Costs**: It is usually necessary for us to incur, as agent for our clients, expenses for items such as filing fees, travel, lodging, meals, toll telephone calls, photocopying, facsimiles ("fax"), and courier services. Many engagements require substantial amounts of costly ancillary services such as outside duplication services and computerized legal research. The client is responsible for all costs incurred on the client's behalf. In order to allocate these expenses fairly and to keep our hourly rates as low as possible for those matters which do not involve such expenditures, these items are separately itemized on our statements as "costs advanced" or "disbursements".

Major out-of-pocket expenses, including outside fees and expenses (such as printing costs, filing fees, etc.), will not be advanced by us unless special arrangements are made in advance. They will be billed directly or forwarded to our client.

3.  **Billing**: Fees and expenses will be billed monthly. Payment is due within thirty (30) days of presentation of the statement, unless we agree otherwise in writing.

4.  **Late Payments**: We are confident that our clients make every effort to pay us promptly. Occasionally, however, a client has difficulty in making timely payment. To avoid burdening those clients who pay their statements promptly with higher fees reflecting the added costs we incur as a result of clients who are delinquent, we reserve the right to impose an interest/service charge of one percent per month for late payments. In no event will the service charge be greater than permitted by applicable law.

5.  **Non-Payment of Fees and Costs**: Failure to pay any statement rendered when due will constitute a default. In the event of a default, you agree that in our discretion we may immediately cease all legal services on your behalf or discontinue our representation (subject to our ethical obligations and any other applicable provision of law). In the unlikely event that we

[11634-001/2600235/1]

# Exhibit "B"

EXHIBIT 1                    35

# Genovese Joblove & Battista, P.A.

## Bill and Payment Report

Date/Time: 03/06/2017  2:00:08PM
Page 1

client PROfiles

Invoice Date from **1/1/1950** to **12/31/2025**
Invoice Numbers Between **00000** and **99999999**
For Clients: **11634** to: **11634**
For Matters: **11634-001** to: **11634-001**

| Client: 11634 | NLG, LLC | | | | | | |
|---|---|---|---|---|---|---|---|
| **Matter:** | NLG, LLC / Elizabeth Hazan - Ch 11 | | | | | | |
| **11634-001** | | | | | | | |
| Invoice | Date | Bill Thru Date | Check No | Type | Fees | Disb | Total |
| *85028* | *06/13/16* | *05/31/16* | | **INVOICE** | *$577.50* | *$1.20* | *$578.70* |
| | 06/13/16 | 121,494 | | ADJUST | 577.50 | 1.20 | 578.70 |
| | | | | **BALANCE** | **$0** | **$0** | **$0** |
| *86454* | *11/10/16* | *10/31/16* | | **INVOICE** | *$13,410.00* | *$104.70* | *$13,514.70* |
| | 01/25/17 | 126,781 | 10558 | PAYMENT | 13,410.00 | 104.70 | 13,514.70 |
| | | | | **BALANCE** | **$0** | **$0** | **$0** |
| *86701* | *12/05/16* | *11/30/16* | | **INVOICE** | *$28,556.00* | *$20.40* | *$28,576.40* |
| | 01/25/17 | 126,781 | 10558 | PAYMENT | 11,170.65 | 20.40 | 11,191.05 |
| | | | | **BALANCE** | **$17,385.35** | **$0** | **$17,385.35** |
| *87030* | *01/13/17* | *12/31/16* | | **INVOICE** | *$18,768.50* | *$149.95* | *$18,918.45* |
| | 01/25/17 | 126,781 | 10558 | PAYMENT | 0 | 149.95 | 149.95 |
| | | | | **BALANCE** | **$18,768.50** | **$0** | **$18,768.50** |
| *87157* | *01/24/17* | *01/24/17* | | **INVOICE** | *$1,051.50* | *$144.30* | *$1,195.80* |
| | 01/25/17 | 126,781 | 10558 | PAYMENT | 0 | 144.30 | 144.30 |
| | | | | **BALANCE** | **$1,051.50** | **$0** | **$1,051.50** |
| *87302* | *02/13/17* | *01/31/17* | | **INVOICE** | *$97.50* | *$302.40* | *$399.90* |
| | 02/14/17 | 127,182 | | ADJUST | 97.50 | 302.40 | 399.90 |
| | | | | **BALANCE** | **$0** | **$0** | **$0** |

| | | | |
|---|---|---|---|
| **MATTER TOTALS** | **$62,461.00** | **$722.95** | **$63,183.95** |
| Deposits, Retainers, Credits Used | 0 | 0 | 0 |
| Payments | 24,580.65 | 419.35 | 25,000.00 |
| Adjustments | 675.00 | 303.60 | 978.60 |
| **Net Balance** | **$37,205.35** | **$0** | **$37,205.35** |
| **CLIENT TOTALS** | 62,461.00 | 722.95 | 63,183.95 |
| Deposits, Retainers, Credits Used | 0 | 0 | 0 |
| Payments | 24,580.65 | 419.35 | 25,000.00 |
| Adjustments | 675.00 | 303.60 | 978.60 |
| **Net Balance** | **$37,205.35** | **$0** | **$37,205.35** |
| **GRAND TOTALS** | **$62,461.00** | **$722.95** | **$63,183.95** |
| Deposits, Retainers, Credits Used | 0 | 0 | 0 |
| Payments | 24,580.65 | 419.35 | 25,000.00 |
| Adjustments | -675.00 | 303.60 | -371.40 |

EXHIBIT 1                              36

*Bill and Payment Report (Continued)*

Invoice Date from **1/1/1950** to **12/31/2025**
Invoice Numbers Between   **00000**  and  **99999999**
For Clients: **11634** to:  **11634**
For Matters: **11634-001** to:  **11634-001**

| | | | |
|---|---|---|---|
| *Net Balance* | $37,205.35 | $0 | $37,205.35 |

EXHIBIT 1                    37

EXHIBIT "D"

EXHIBIT 1                                     38

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

      Plaintiff,

v.

NLG, LLC, a Delaware limited liability
company,

      Defendant.

_____/

**NOTICE OF HEARING**

YOU ARE HEREBY NOTIFIED that the undersigned counsel will call up for hearing before the Honorable Monica Gordo, Circuit Court Judge of the above-styled Court, Dade County Courthouse, 73 W. Flagler Street, Room 626, Miami, Florida 33130 on **Tuesday, June 20, 2017 at 9:00 a.m.** or as soon thereafter as may be heard:

*Plaintiff Genovese Joblove & Battista, P.A.'s Motion for Final Default Judgment*

PLEASE BE GOVERNED ACCORDINGLY.

Movant counsel certifies that a bona-fide effort to agree or to narrow the issues on the Motion noticed has been made with opposing counsel or that because of time considerations, such effort was not made, but will be made prior to the scheduled hearing.

In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator located at the Lawson E. Thomas Courthouse Center, 175 N.W. First Avenue, 27th Floor, Miami, Florida 33128 no later than seven days prior to the proceedings. Telephone (305) 349-7174 (Voice); (305) 349-7174 (TDD) or 1 (800) 955-8771 or 1 (800) 955-8770 (V), via Florida Relay Service.

**EXHIBIT 1**     **39**

17-5232 CA (02)

Dated:  June 9, 2017                         Respectfully submitted,

                                             **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                             Miami Tower, 44th Floor
                                             100 Southeast Second Street
                                             Miami, Florida  33131
                                             Telephone:  (305) 349-2300
                                             Facsimile:    (305) 349-2310


                                             By:  /s/ Darci E. Cohen
                                                   Darci E. Cohen
                                                   Florida Bar No.: 816000
                                                   dcohen@gjb-law.com

9000-189 / #123

# EXHIBIT 1                                                          40

EXHIBIT "E"

EXHIBIT 1                                    41

**IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

GENOVESE JOBLOVE & BATISTA, P.A., a
Florida professional association,

**CIVIL DIVISION**

Plaintiff,

CASE NO.: 2017-5232 CA 01

v.

NLG, a Delaware limited liability company,

Defendant.

_____/

## POST JUDGMENT *EXPARTE* VERIFIED MOTION TO INVOKE PROCEEDINGS SUPLEMENTARY TO EXECUTION AND TO APPOINT RECEIVER FOR DEFENDANT/JUDGMENT DEBTOR NLG, LLC

**COMES NOW** the Judgment Creditor, GENOVESE JOBLOVE & BATISTA, P.A.[1],

by and through its undersigned co-counsel, and hereby moves this Honorable Court

pursuant to Florida Statutes §56.29 and/or §56.10 to appoint a Receiver in the above-

captioned matter, and as grounds would state:

1.     On June 20, 2017, this Court entered a money judgment against the

Defendant/Judgment Debtor, NLG LLC, in favor of the Plaintiff, for the total sum of

$42,270.93, with post judgment interest at the legal rate from said date, which remains

unsatisfied (the "Final Judgment"). [2]   A true and correct copy of the Final Judgment is

attached hereto as Exhibit **B**.

---

1 On July 26, 2017, the Plaintiff assigned its interest in the Final Judgment rendered by
this Court to DB Mortgage LLC. *See* Rule 1.260 (c), Florida Rules of Civil Procedure
("Transfer of Interest. In case of any transfer of interest, the action may be continued by
or against the original party, unless the court upon motion directs the person to whom the
interest is transferred to be substituted in the action or joined with the original party."). A
true and correct copy of the assignment of judgment is attached hereto as Exhibit **A**.
2 The Judgment Creditor is entitled to post judgment fees and costs, for which demand

# EXHIBIT 1

# 42

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 2 of 10

2.    The Clerk of the Court in and for Miami-Dade County, Florida issued a

Writ of Execution on July 26, 2017, which remains unsatisfied.  A true and correct copy

of the writ of execution is attached hereto as Exhibit **C**.

3.    That no payments have been made and the full balance is due on the

unsatisfied Final Judgment and Execution in the above-captioned matter.

4. Defendant may own some tangible and/or intangible assets in Florida, but

the claims are currently being litigated in multiple proceedings in Florida, including the

Bankruptcy Court of the Southern District of Florida[3]. While there are assets titled in the

name of the Defendant, the value of the assets after levy and sale is significantly less

than what me be garnered by the placement of a fiduciary, in the form of a receiver over

NLG.  Under the control of a court supervised fiduciary, NLG would likely have an ability

to satisfy its creditor without the disruption caused by a levy or the "fire sale" of assets by

the sheriff.  Additionally, the intangible value of the going concern and the goodwill of the

enterprise could not be reached, and would actually be destroyed by sheriff's levy.[4]  This

type of intangible personal property is, however, properly administered by receivership.

*See* §56.10, Florida Statutes.

is hereby made. *See* Section 57.115, Florida Statute.
3 The underlying action is predicated on the Defendant's failure to honor its contractual obligations to the Plaintiff under an attorney retention agreement for legal services contracted for and provided by the Plaintiff in a bankruptcy proceeding.
4 It should be noted that Judgment Creditor's counsel has conducted in excess of 100 levies throughout the State of Florida.

EXHIBIT 1                                    43

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 3 of 10

5. Moreover, while the Judgment Creditor is entitled to levy on the assets of

the Defendant,[5] such actions would clearly be a more extreme remedy than the

appointment of a Receiver, which may ultimately benefit any other creditors.

6. Florida Statutes §56.29 imbues this Court with broad powers to marshal

the assets of a debtor in order to ensure payment to its creditors. Specifically, §56.29(9)

provides that:

> **The court may enter any orders required to**
> **carry out the purpose of this section to**
> **subject property or property rights of any**
> **defendant to execution.**

Also, §56.10 authorizes the appointment of a Receiver to marshal the assets of a

corporation where a judgment has been entered, but remains unsatisfied.

7. In *Warshall v Price* 617 So. 2d 751 (Fla. 4th Dist 1993), the Court held that

a receiver may be properly appointed post judgment upon the simple showing that the

Judgment Creditor holds an unsatisfied writ of execution[6]. *No other showing is necessary*.

---

5 Instructions for a sheriff levy and execution as to the personal property of the Defendant
have been prepared and are ready to be submitted to the Sheriff's Office to be
effectuated.
6 *Warshall* was decided prior to the enactment of Florida's current judgment lien law,
which now requires the filing of a statewide Judgment Lien Certificate rather than the
docketing of a Writ of Execution with the County Sheriff.

EXHIBIT 1                                    44

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 4 of 10

8. The Judgment Creditor respectfully suggests that Drew M. Dillworth[7], a Panel Trustee in the Bankruptcy Courts of the South District of Florida[8], be appointed as Receiver for the Corporate Defendant in this matter.    Mr. Dillworth, through his vast experience as a Panel Trustee, Receiver and esteemed bankruptcy attorney is bonded and has extensive experience in the operation, turn around, and if necessary, orderly liquidation of all sizes and types of business entities and *has been appointed by both state and federal judges throughout the State of Florida*.

**WHEREFORE**, it is respectfully requested that a Receiver be appointed for the Judgment Debtor accordingly.

## VERIFICATION

**STATE OF FLORIDA          )**
**COUNTY of MIAMI-DADE )**

**BEFORE ME**, the undersigned authority, personally appeared, **Roniel Rodriguez IV**, who after first being duly sworn deposes and states upon his oath that he is the authorized agent for the Judgment Creditor in the above-captioned matter and that the foregoing is true and correct.

_____
Roniel Rodriguez IV

7 Mr. Dillworth is also a Director and Shareholder of the law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
8 The appointment, in light of pending bankruptcy matters in which NLG is involved, will require vast experience with Bankruptcy Rules, Procedure and litigation. Mr. Dillworth's appointment will reduce the costs that would be required by the appointment of another fiduciary who will likely have to hire additional professionals to handle the bankruptcy matters.

EXHIBIT 1                    45

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 5 of 10

**SWORN TO and SUBSCRIBED** before me this 17 day of August 2017.

NOTARY PUBLIC
State of Florida at large

## MEMORANDUM OF LAW

The Judgment Creditor is requesting that this Court invoke proceedings supplemental to execution, seeking the appoint a post judgment receiver for the Judgment Debtor.

Florida law is clear that the <u>only jurisdictional requirement</u> for the institution of supplemental proceedings is the filing of an affidavit which alleges that there is an unsatisified judgment or judgment lien. *Mejia v. Ruiz* 985 So. 2d 1109 (Fla. 3rd DCA 2008). The statutory requirements are codified in Florida Statutes §56.29(1) which provides:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

A review of relevant case law further clarifies the legislature's intent. For example in the case of *Biloxi Casino Corporation v. Wolf*, 900 So. 2d 734 (Fla 4th DCA 2005) the

EXHIBIT 1                                          46

Court held that the only requirement for institution of proceedings supplementary was compliance with the statutory prerequisites of §56.29(1), Florida Statute, by filing an affidavit stating that a judgment lien is valid and outstanding.   Likewise, in the case of *Regent Bank v. Woodcox*, 636 So.2d 885 (Fla. 4th DCA 1994) the Court held that the only predicate for impleading a third party under §56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding[1].  **No other showing is necessary**.  The Court in *Regent Bank* explained that §56.29 was intended to provide "a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them to a speedy and direct proceeding in the same court in which the judgment was recovered."  As stated by the Third District Court of Appeal in  *Continental Cigar Corp. v. Edelman & Co., Inc.* 397 So.2d 957 (Fla. 3d DCA 1981), "[i]t is quite clear that section 56.29 requires **only** the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings".  Moreover, in the case of *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So.2d 1027  (Fla. 4th DCA. 1998), the Court cited

---

[1] Subsequent to *Regent Bank* supra there was an overhaul of Florida's judgment lien laws in 2001, the Legislature adopted a system whereby it is no longer necessary to docket a writ of execution with the Sheriff, but rather a judgment lien on personal property is obtained by filing a Judgment Lien Certificate with the Secretary of State of Florida. Florida Statutes §56.29(1) has been amended to reflect this change.

EXHIBIT 1                              47

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 7 of 10

from *Regent Bank* and held that **once a judgment creditor made the required statutory**

**showing, the trial court has no discretion to deny the application.**   More recently,

the Second and Fifth Districts have reached the same conclusion.  *See Okaloosa New*

*Opportunity, LLC v. LD Projects, LLC,* 109 So.3d 1209 (Fla. 5 DCA, 2013) and *B & I*

*Contractors, Inc. v. Mel Re Const. Management* 66 So.3d 1035 (Fla. 2 DCA, 2011).

In the instant matter, the Judgment Creditor has made the required statutory

allegations under oath and accordingly this Motion should be granted.

**DATED**: August 17, 2017.

## CERTIFICATE OF FILING AND SERVICE

I **HEREBY CERTIFY** that on August 17, 2017, I electronically filed the foregoing
document with the Clerk of the Courts by using the Florida Courts E-Filing Portal (the
"Portal") as required by Rule 2.516, Florida Rules of Judicial Administration (the "Rule").
I **HEREBY FURTHER VERIFY** that the Portal uses the names and e-mail addresses
provided by the parties pursuant to subdivision (b)(1)(A) of the Rule, and will serve the
foregoing document on each party by e-mail in compliance with the Rule.  Also served
via First Class US Mail to: NLG LLC, 854 Pheasant Run Road, West Chester, PA 19382.

**RONIEL RODRIGUEZ IV, P.A.**
*COUNSEL FOR JUDGMENT CREDITOR*
Keystone Executive Plaza
12555 Biscayne Blvd., 915
N. Miami, Florida 33181
305-773-4875 Dade/Direct
954-769-0919 Broward
305-600-1254 Monroe

By:___ /s/ Roniel Rodriguez_____
    Roniel Rodriguez IV
    Florida Bar No.: 544787
    E-mail:     Ron@RJRfirm.com
    Primary:   Service@RJRfirm.com

EXHIBIT 1                                      48

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 8 of 10

Secondary: Pleadings@RJRfirm.com

# EXHIBIT A

EXHIBIT 1                    49

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

CIVIL DIVISION

      Plaintiff,

CASE NO: 17-5232 CA (02)

vs.

NLG, LLC, a Delaware limited liability
company,

      Defendants,

_____/

### ASSIGNMENT OF JUDGMENT

    **THIS AGREEMENT** made this 26th day of July, 2017 by and between GENOVESE

JOBLOVE & BATTISTA, P.A., a Florida professional association, party of the first part and DB

MORTGAGE, LLC under the Judgment Purchase Trust No. 17-020, party of the second part or

Assignee.

    **WITNESSETH,** That said party of the first part for and in consideration of the sum of

TEN DOLLARS and 00/100 ($10.00) and other good and valuable consideration, the receipt

whereof is hereby acknowledged, has assigned set-over, transferred and quit-claimed and by

these presents does hereby assign, set-over, transfer and quit-claim unto said party of the second

part and his heirs and assigns forever, all of the right, title, interest, claim and demand which the

party of the first part has in and to that certain Final Judgment rendered in Miami-Dade County

Court Case. 17-5232 CA (02) and recorded in Official Records Book 30470, at Page 2959 of the

Public Records of Miami-Dade County, Florida and warrants that same is valid and outstanding

for the full amount thereof.

EXHIBIT 1

50

**IN WITNESS WHEREOF**, the said party of the first part has hereunto set its hand and seal the day and year first above-written.

Signed sealed and delivered
in the presence of:

GENOVESE JOBLOVE & BATTISTA, P.A.,
a Florida Professional association

BY: _____
Glenn D. Moses, Esq.
As its Attorney-At-Law and
Counsel of Record

**STATE OF FLORIDA**           )
**COUNTY OF MIAMI-DADE**    )

**BEFORE ME,** the undersigned authority, personally appeared Glenn D. Moses, Esq., as attorney for GENOVESE JOBLOVE & BATTISTA, P.A., a Florida professional association, well known by me, and who after being first duly sworn, deposes and states upon his oath that he executed the foregoing Assignment of Judgment, and that he is authorized by law to do so.

**SWORN TO AND SUBSCRIBED** before me at Miami, said County and State, this 26 day of July, 2017.

_____
NOTARY-PUBLIC-
State of Florida at Large

FRANK MEDINA
Notary Public - State of Florida
Commission # FF 971802
My Comm. Expires Jul 9, 2020

Address of Assignee:
DB MORTGAGE, LLC
412 N Main St, Ste 100
Buffalo, WY 82834

EXHIBIT 1                    51

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 9 of 10

# EXHIBIT B

EXHIBIT 1                    52

CFN 2017R0355718 OR BK 30584 Pgs 2653-2654 2Pgs
RECORDED 06/22/2017 16:00:34
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

     Plaintiff,

v.

NLG, LLC, a Delaware limited liability
company,

     Defendant.

_____/

### FINAL JUDGMENT

     This matter, having come before the Court this 20th  day of June, 2017 for hearing on
Plaintiff Genovese Joblove & Battista, P.A.'s Motion for Final Default Judgment against
Defendant NLG, LLC (the "Motion"), and the Court having reviewed the pleadings, the relief
requested in the Motion, and being otherwise duly advised in the premises,

     **IT IS ORDERED AND ADJUDGED** as follows:

     1.    Final Judgment is entered in favor of Genovese, Joblove & Battista, P.A. ("GJB")
and against Defendant NLG, LLC ("Defendant"), in the following sums:

| | | |
|---|---|---|
| (a) | Judgment | $37,205.35 |
| (b) | Costs<br>Clerk of the Court Filing Fee<br>Service of Process Fee | <br>$435.04<br>$125.00 |
| (c) | Attorneys' Fees | $ 4,505.54 |
| | **TOTAL** | $ 42,270.93 |

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK OF COURTS

EXHIBIT 1      53

OR BK 30584 PG 2654
LAST PAGE

17-5232 CA (02)

2.    The total amount referenced in Paragraph 1 shall bear interest at the rate of 4.75% per year, for which let execution issue.

3.    It is further ordered and adjudged that Defendant shall complete under oath, the Fact Information Sheets as provided by Florida Rule of Civil Procedure Form 1.977(a) and (b), including all required attachments, as applicable, and serve it on GJB's attorneys within forty-five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or post-judgment discovery is stayed.

4.    The last known address of Defendant is c/o A Registered Agent Inc., 8 The Green, Suite A, Dover, DE 19901.

5.    The Court shall reserve jurisdiction of this case to amend/supplement this Final Judgment to account for subsequent accruing fees, other matters concerning execution upon this Final Judgment, and such other relief as the Court deems just and proper.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida this _20th_ day of June, 2017.

HONORABLE MONICA GORDO
Circuit Court Judge

MONICA GORDO
CIRCUIT COURT JUDGE

9000-189 / #109

Copies Furnished To:
Darci E. Cohen, Esq.

NLG, LLC
c/o A Registered Agent Inc.
8 The Green
Suite A
Dover, DE 19901

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office _06  22  17_
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

e3100414

2

EXHIBIT 1                    54

Genovese Joblove & Batista v. NLG LLC
**Case No.:2017-5232 CA 01**
*Post Judgment Verified Motion to Invoke Proceedings*
*Supplementary to Execution and to Appoint Receiver*
Page 10 of 10

# EXHIBIT C

EXHIBIT 1                                    55

# WRIT OF EXECUTION

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

CIVIL DIVISION

    Plaintiff,

CASE NO: 17-5232 CA (02)

vs.

NLG, LLC, a Delaware limited liability
company,

    Defendants,

_____/

## THE STATE OF FLORIDA:

### TO ALL and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to levy on the property subject to execution of **NLG, LLC,** to satisfy the sum of **FOURTY-TWO THOUSAND TWO HUNDRED SEVENTY DOLLARS AND 93/00** ($42,270.93) plus legal interest at the rate of 4.75% per annum thereon from June 20, 2017 until paid and to have this Writ before said Court when satisfied.

    **WITNESS** my hand and seal of said Court on ~~JUL 2 6 2017~~

HARVEY RUVIN
Clerk of the Court

BY: _____
    as Deputy Clerk
    (COURT SEAL)

Address of Defendant:
A Registered Agent Inc.,
8 The Green, Suite A
Dover, DE 19901

Filed by:
Darci E. Cohen, Esq
100 SE 2nd Street, 44th Floor
Miami, Florida 33131

EXHIBIT 1                    56

# EXHIBIT 2

CONSENT OF RECEIVER FOR APPELLANT NLG, LLC AND ITS CURRENT
COUNSEL TO FILE AND PROSECUTE APPEAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 17-cv-24127-DPG**

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                         Chapter 11

      Debtor,

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN,
and SELECTIVE ADVISORS GROUP, LLC,                       Adv. No. 16-01439-AJC

      Plaintiffs,
v.

NLG, LLC,
a Delaware limited liability company,

      Defendant.

_____/

NLG, LLC,

      Counterclaim Plaintiff,
v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Counterclaim Defendants.

_____/

## CONSENT OF RECEIVER FOR APPELLANT NLG LLC AND ITS CURRENT COUNSEL TO FILE AND PROSECUTE APPEAL

Receiver, Drew Dillworth, ("Receiver"), through undersigned counsel, files this Consent

of Receiver for Appellant NLG, LLC and Its Current Counsel to File and Prosecute Appeal, and

respectfully states:

EXHIBIT 2                                                                    58

1.      To the extent required, this will confirm that the undersigned Receiver for Appellant authorizes and consents to Appellant and its current counsel's filing and prosecution of the above captioned appeal.

2.      To the extent needed and for the Court's clarification, Receiver supports the filing and prosecution of this instant appeal by NLG and its current counsel.

**WHEREFORE**, for the reasons set forth above, Receiver respectfully requests that the Court deny the Motion to Dismiss [ECF 6] and grant such other and further relief as the Court deems appropriate.

November 28, 2017.

Respectfully Submitted,

Drew M. Dillworth, Receiver
150 West Flagler Street, Suite 2200
Miami, Florida  33130
T: 305-789-3598
F: 305-789-3395
E: ddillworth@stearnsweaver.com

EXHIBIT 2                                      59

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF, email or U.S. Mail to the parties on the attached service list as indicated on this 28th day of November 2017.

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

## SERVICE LIST

### Via CM/ECF/Email

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com; mg197ecfbox@gmail.com;sleary@msglaw.com

David W. Langley on behalf of Plaintiff and Counter-Defendant Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Juan Ramirez, Jr. Esq. on behalf of Defendant and Counter-Claim Plaintiff NLG, LLC

Eric J Silver, on behalf of Receiver
*esilver@stearnsweaver.com, rross@stearnsweaver.com, larrazola@stearnsweaver.com, cgraver@stearnsweaver.com*

### Via U.S. Mail

Selective Advisors Group, LLC
c/o Marshall Socarras Grant, P.L.
197 S. Federal Highway
Suite 200
Boca Raton, FL 33432

Liza Hazan a/k/a Elizabeth Hazan
6913 Valencia Drive
Fisher Island, FL 33109

60