**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-cv-24127-GAYLES

NLG, LLC,

       Defendant/Appellant,

v.

SELECTIVE ADVISORS GROUP, LLC,
and LIZA HAZAN,

       Plaintiffs/Appellees.
_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Dismiss Appeal [ECF No. 6] ("Motion"). The Court has carefully reviewed the submissions of the parties, the record in this case, and the applicable law. For the reasons that follow, the Motion is granted.

**I.**     **BACKGROUND**

Before reaching the bankruptcy court, related litigation between these parties traversed two states and landed the parties before at least four different state court judges. The saga is detailed in the bankruptcy court's order, and only the basic outline is relevant here. In 2007, Appellee/Debtor Liza Hazan ("Hazan") purchased a Fisher Island home from Appellant NLG, LLC ("NLG"). The litigation began almost immediately when NLG sued Hazan in 2008 for beach of the purchase money promissory note. In April 2008, then–Florida Circuit Judge Robert N. Scola, Jr., entered a default final judgment (the "Scola Judgment") against Hazan and in favor of NLG. The Scola Judgment did not foreclose on the property, but rather awarded damages of over $1.6 million. In

1

2011, NLG brought a second suit, this time seeking foreclosure. That suit was originally in front of Judge Spencer Eig.

Meanwhile, Selective Advisors Group, LLC ("Selective"), a company owned and controlled by Hazan's husband, registered in Florida state court a $5 million judgment it had obtained against NLG in New York. That case came before yet another Florida state court judge—Judge Peter Lopez—and resulted in the assignment of NLG's interest in the Scola Judgment to Selective (the "Lopez Assignment"). In August 2014, Selective filed a satisfaction of the Scola Judgment and the mortgage. After the Lopez Assignment, the foreclosure action that had been in front of Judge Eig was reversed on appeal. On remand, the case came before Judge Monica Gordo, who entered a foreclosure judgment in favor of NLG in September 2014 (the "Gordo Foreclosure Judgment"). The Gordo Foreclosure Judgment found that NLG was entitled to over $4.8 million from the property, well above the $1.6 million Scola Judgment. On January 11, 2016—one day before the scheduled foreclosure sale—Hazan filed for bankruptcy, triggering the automatic stay.

On November 8, 2017, Bankruptcy Judge A. Jay Cristol issued the Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX. [*See* ECF No. 1, at 5]. Noting the apparent conflict between the Lopez Assignment and the Gordo Foreclosure Judgment, Judge Cristol carefully reconciled the competing state court judgments, concluding that Hazan had redeemed the mortgage from Selective, but that NLG should be credited $4.8 million (the amount of the Gordo Foreclosure Judgment) rather than just $1.6 million (the Scola Judgment) toward the $5 million New York judgment it owed to Selective. NLG appealed to this Court, arguing primarily that Judge Cristol's order violates the *Rooker–Feldman* doctrine in allowing Hazan and Selective to relitigate matters decided by the Gordo Foreclosure Judgment.

2

Hazan and Selective filed a Motion to Dismiss Appeal [ECF No. 6]. They argue that NLG's lawyers lack standing to pursue an appeal on behalf of the company in light of a receivership order vesting sole power to act on behalf of NLG in a receiver. In 2017, the law firm that had been representing NLG sued the company for unpaid attorney's fees. Judge Gordo also presided over that separate action and entered a judgment in favor of the law firm. Then, in September 2017, Judge Gordo appointed a receiver to collect the unpaid judgment. Judge Gordo's receivership order mandates, in pertinent part:

> Sole power to act on behalf of the cooperation is hereby vested in the Receiver and, the Judgment Debtor, its agents, servants, employees, representatives, officers, directors, partners, members, owners, stockholders *and attorneys* are hereby enjoined from acting or purporting to act on behalf of the Business, *in any manner whatsoever*. Any acts taken in violation of this paragraph or this Order are hereby deemed *null and void* and shall be of no further force or effect.

[ECF No. 6-1, ¶ 6 (emphasis added)].

## II. DISCUSSION

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Expounding on the meaning of "Cases" and "Controversies," the federal courts have developed the doctrine of standing, which "serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). "To establish standing, a litigant ordinarily 'must assert his own legal rights and interests' and cannot assert the rights or interests of someone else." *S.E.C. v. Quest Energy Mgmt. Grp., Inc.*, 768 F.3d 1106, 1109 (11th Cir. 2014).

Here, Appellees Hazan and Selective argue that Judge Gordo's receivership order vested the power to act on behalf of the company in the receiver alone. In other words, NLG's attorneys

3

have no legal right to appeal and thus lack standing in this Court. The Court agrees. Where a receivership order vests the legal rights and interests of the company in the receiver, others lack standing to appeal in the company's name. *See id.* ("When the district court expanded the receivership to include [the company], it forbade the [the company's officers] from taking any action on behalf of [the company] and instead vested the legal rights and interests of [the company] in the receiver. Based on the plain language of that order, the [officers] lack standing to appeal in the name of the [company]."). The plain language of Judge Gordo's order vests all legal rights and interests and authority to act on behalf of NLG in the receiver.

NLG argues that the receiver has subsequently given his consent to the appeal. This is of no consequence. Parties may not agree after the fact to a violation of a receivership order and thereby cure standing defects. The attorneys here were not acting on behalf of the receiver, and the receiver—the only party with the power to appeal on behalf of NLG—did not timely do so. Thus, this Court lacks jurisdiction to hear the instant appeal.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Dismiss Appeal [ECF No. 6] is **GRANTED**;
2. all other pending motions are **DENIED AS MOOT**; and
3. this appeal is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE