UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

Case No. 17-cv-24127-DPG

NLG, LLC,

       Appellant,

v.

LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,

       Appellees.

_____/

**APPELLEES' JOINT RESPONSE IN OPPOSITION TO
MOTION FOR STAY OF JUDGMENT PENDING APPEAL**

       Appellees, Liza Hazan a/k/a Elizabeth Hazan ("Mrs. Hazan") and Selective Advisors Group, LLC ("Selective") (collectively the "Appellees"), through counsel, hereby file their Response in Opposition to Appellant, NLG, LLC's Motion for Stay of Judgment Pending Appeal [ECF No. 48], and state as follows:

**<u>INTRODUCTION</u>**

       1.      On July 6, 2018, Appellant, NLG, LLC ("NLG") filed its Motion for Stay of Judgment Pending Appeal [ECF No. 48] (the "Motion to Stay").

       2.      The Final Judgment in favor of Appellees was entered by U.S. Bankruptcy Judge A. Jay Cristol on November 1, 2017. Based on the ruling in the Final Judgment, as well as the confirmation of her Chapter 11 Plan, Mrs. Hazan has already paid over $230,000.00 to her creditors in her Chapter 11 case. To stay the bankruptcy proceeding now, after confirmation and substantial consummation of her Chapter 11 Plan, will cause substantial damage to Mrs. Hazan

due to the payments she has already made to creditors, but also to her ability to seek a discharge and move on with her life.

3.      NLG never sought a stay after confirmation of the plan in the underlying Chapter 11 proceeding filed by Mrs. Hazan as debtor. In addition, NLG failed to make any objection whatsoever to Mrs. Hazan's Chapter 11 Plan Confirmation on May 30, 2018.

4.      For the reasons set forth herein, and pursuant to Fed. R. App. P. 8, NLG's Motion for Stay is improper and should be denied.

## MEMORANDUM OF LAW

## I.      NLG's Motion to Stay is Completely Deficient under the Bankruptcy Rules

NLG states it files its Motion to Stay, "pursuant to Bankruptcy Rules 8005 and 8011, Local Bankruptcy Rule 8005-1 as supplemented by Rule 87.4(c) of the Local Rules of the United States District Court for the Southern District of Florida." *See*, *Motion to Stay*, at 1.

However, Rule 8005 was replaced by Rule 8007 in 2014, which provides:

> Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings
> (a) Initial Motion in the Bankruptcy Court.
> (1) *In General*. Ordinarily, a party must move first in the bankruptcy court for the following relief:
> (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal;
> (B) the approval of a supersedeas bond;
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
> (D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).
>
> (2) *Time to File*. The motion may be made either before or after the notice of appeal is filed.
>
> (b) Motion in the District Court, the BAP, or the Court of Appeals on Direct Appeal.
> (1) *Request for Relief*. A motion for the relief specified in subdivision (a)(1)—or to vacate or modify a bankruptcy court's order granting such relief—may be made in the court where the appeal is pending.
> (2) *Showing or Statement Required*. The motion must:
> (A) show that moving first in the bankruptcy court would be impracticable; or

2

(B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

(3) *Additional Content*. The motion must also include:
(A) the reasons for granting the relief requested and the facts relied upon;
(B) affidavits or other sworn statements supporting facts subject to dispute; and
(C) relevant parts of the record.

If the motion is made first in the district court, it must either "[s]how that moving first in the bankruptcy court would be impracticable" or, "if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or that the court has ruled and set out any reasons given for the ruling." Fed. R. App. P. 8007(b)(2). Additionally, pursuant to the Rules, the motion must include (1) "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." Fed. R. App. P. 8007(b)(3).

The Motion to Stay does not comply with Rule 8007 where it does not state whether a motion was first made in the bankruptcy court [it was not] or why such a motion would be impracticable, and is not supported by relevant parts of the record or sworn statements. *See*, *Woodroffe v. Wagee (In re Woodroffe)*, Case No: 8:18-cv-1437-T-36 (M.D. Fla 2018) *(citing Rosenbrough v. Regions Bank*, *NA*, No. 15-cv-80391-Middlebrooks, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015) (denying a motion to stay where the movant "failed to cite the correct legal standards for a stay of a bankruptcy order pending appeal" and "fail[ed] to explain why the Bankruptcy Court denied the initial motion to stay" in accordance with Rule 8007); *also see Akers v. Gregory Funding*, *LLC*, No. 3:17-1470, 2018 WL 2363976, at *3-4 (M.D. Tenn. May 24, 2018) (denying a motion seeking a stay because the motion failed to meet the requirements of Rule 8007 for application for a stay in the district court).

Moreover, the Motion to Stay does not comply with the appellate rules.  The Federal Rules

3

of Appellate Procedure are clear. FRAP 6 provides that an appeal to this Court from a final

judgment entered by a bankruptcy court is treated as any other civil appeal under these Rules.

Thus, this Court should apply FRAP 8 to NLG's Motion for Stay.

FRAP 8(a) states:

(1)     Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:

A.     a stay of the judgment or order of a district court pending appeal;
B.     approval of a supersedeas bond; or
C.     an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

(2)     Motion in the Court of Appeals; Conditions on Relief. A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges.

A.     The motion must:

(i)     show that moving first in the district court would be impracticable; or
(ii)     state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action.

The motion must also include:

(i)     the reasons for granting the relief requested and the facts relied on;
(ii)     originals or copies of affidavits or other sworn statements supporting facts subject to dispute; and
(iii)     relevant parts of the record.

B.     The moving party must give reasonable notice of the motion to all parties.

C.     A motion under this Rule 8(a)(2) must be filed with the circuit clerk and normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge.

D.     The court may condition relief on a party's filing a bond or other appropriate security in the district court.

NLG's Motion to Stay completely ignores this rule. First and foremost, NLG has never

sought a stay in the underlying bankruptcy proceeding, thus NLG has not complied with FRAP

8(a)(1). Absent establishing cause, motions to stay bankruptcy court orders should first be filed in the Bankruptcy Court. As discussed above, the applicable rule for obtaining a stay on appeal is Federal Rule of Bankruptcy Procedure 8007, which states, in pertinent part: "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal," Fed. R. Bankr. P. 8007(a)(1), with the caveat that such a motion "may be made in the court where the appeal is pending," Fed. R. Bankr. P. 8007(b)(1); *Rosebrough v. Regions Bank, NA*, No. 15-CV-80391, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015) ("Pursuant to Rule 8007, a party must ordinarily first move in the bankruptcy court for a stay of an order pending appeal.")

If a motion to stay a bankruptcy court order pending appeal is first made in the district court, it must either "[s]how that moving first in the bankruptcy court would be impracticable" or, "if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2). "The reason for requiring that the initial application be made to the Bankruptcy Court is obvious. … The reviewing court should have the benefit of the learning of the lower court," which is more familiar with the parties, facts and legal issues. *In re MSR Resort Golf Course, LLC*, No. 11-10371 (SHL), 2013 U.S. Dist. LEXIS 29065, at *4–5, 2013 WL 766166 (S.D.N.Y Feb. 26, 2013); *In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2nd Cir. 1997) ("Having elected not to present this Motion to the trial court, the Debtors have denied this Panel the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency."). "Thus, district courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained." *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014).

In federal courts throughout Florida, motions to stay bankruptcy court orders pending appeal, like the instant Motion to Stay, have been denied where the movant failed to explain why first seeking relief before the Bankruptcy Court was impracticable or why the Bankruptcy Court denied the stay. *Rosebrough v. Regions Bank, NA*, No. 15-CV-80391, 2015 WL 12860291, at *1 (S.D. Fla. July 21, 2015) (denying motion to stay appeal where movant failed to set out facts to support exceptions to requirement in Fed. R. Bankr. P. 8007(b)(2)(A)-(B) to first file motion to stay in Bankruptcy Court); *Woodroffe, v. Waage*, No. 8:18-CV-1437-T-36, 2018 WL 3417151, at *3 (M.D. Fla. July 13, 2018) (same).

NLG has failed to plead how filing a motion to stay before Judge Cristol is impracticable or that any motion to stay was denied. Judge Cristol has never ruled on any motion for stay nor failed to afford NLG the relief requested. NLG also fails to follow the Rules by failing to provide copies of affidavits or other sworn statements supporting the facts or relevant copies of the record. Rather, NLG simply argues to this Court why it believes it will succeed on the appeal, yet NLG fails to follow the basic rules of how to seek a stay before this Court.  On this basis alone, NLG's Motion to Stay should be denied.

## II. Appellant Cannot Show it is Likely to Succeed on the Merits; In fact, Appellees are Likely to Succeed on the Merits of this Appeal, Not NLG

NLG's entire argument in this appeal is that Judge Cristol failed to invalidate a state court judgment entered in another jurisdiction. NLG, however, conveniently leaves out several key facts that occurred during the trial before Judge Cristol. Notably, during the trial, Judge Cristol specifically asked the parties, including NLG, whether all of the rulings in front of the court were "**final and non-appealable.**" [Emphasis added].

Trial Transcript, Pages 20 through 22 of 217:

> **10    THE COURT: And you're referring to numerous**
> **11    judgments from numerous courts.**

**12**      **One question, are all of those judgments**
**13**      **final and beyond appeal time?**
14      MR. GRANT: **Yes, your Honor**. And, in fact,
15      in those orders there's even a reference, especially
16      Judge McMahon, the federal court that recently, in
17      July of 2016 -- the order specifically says the time
18      for appeal has passed. That was one of the basis for
19      the ruling. So your Honor will have an opportunity to
20      review those, where the time for appeal has passed.
**21**      **THE COURT: Very well.**
**22**      **And, Mr. Langley, do you agree as to the**
**23**      **appellate status of any of these orders?**
**24**      **MR. LANGLEY: Yes, of course, Judge, I do.**
25      THE COURT: And now we'll hear from
1      Mr. Ramirez.
***
**25**      **THE COURT: And do you agree that all of the**
**1**      **orders we're going to be talking about in this case**
**2**      **are beyond appeal time?**
3      MR. RAMIREZ: Well, my only issue would --
4      yeah, I would think so at this point --
**5**      **THE COURT: Okay. Thank you**.
**6**       **MR. RAMIREZ: -- as far as I know.**

Trial Transcript, Page 160 through 162 of 217:

7      MR. RAMIREZ: Judge, this is the same Quebec
8      that assigned the judgment to Selective. This is the
9      same judgment that they are now trying to use to
10      prevent us from foreclosing, and now they say that we
11      can't get into the facts of how we came about -- this
12      is precisely why this judgment has not been set aside,
13      because they always prevent us from getting to the
14      merits.
15      Mr. Kosachuk and NLG never got due process,
16      and maybe today we can get due process in front of the
17      Court and present to you the fact that this is all
18      bogus.
19      MR. GRANT: Quebec is not here, though. I
20      mean, how do we litigate an issue when a party that's
21      part of that judgment or that order is not present in
22      the courtroom? There is -- that's a lack of due
23      process.
24      MR. LANGLEY: Judge, they are asking you to
25      rule on whether a New York court gave them due
1      process. That's really --
2      THE COURT: Well, I would agree --

```
3      MR. LANGLEY: -- what this is about.
4      THE COURT: -- that we're not here to act as
5      an appellate court on any other court's proceedings,
6      and what is admitted in evidence is here and will be
7      considered. But we've already established early on in
8      this case that the various court orders that are the
9      subject of these proceedings are all final and not
10     subject to appeal.
11     And as Mr. Ramirez is well aware, sometimes
12     courts make mistakes. But if they make a mistake, and
13     the appeal is not taken or an appropriate motion
14     within the allowed the time, that becomes the law,
15     notwithstanding the fact that might be an error, so --
16     MR. RAMIREZ: But I believe --
17     THE COURT: -- the idea that some court may
18     have made a mistake is not subject to being reviewed
19      by this Court at a later date.
***
5      MR. RAMIREZ: Judge, with all due respect, if
6      the party is not given due process and notice, and
7      they don't hear about a judgment until over a year
8      later, how can they take an appeal.
9      THE COURT: Well, if --
10     MR. RAMIREZ: I'm going to show you case law
11     that says if somebody has not been given due process
12     that can be raised at any time, and the judgment is
13     void.
14     THE COURT: At any time. So you're saying
15     that ten years later somebody can come in and set
16     aside a judgment that's been valid and recorded for
17     ten years; is that what you're arguing?
```

NLG agreed and stipulated to the Selective judgment being final and non-appealable. Judge Cristol then entered the Final Judgment against NLG and for Selective and Mrs. Hazan. NLG lost that case and the Final Judgment entered by Judge Cristol supports Appellees' position in its entirety.

The entire crux of this appeal, and the new declaratory relief action filed by NLG on April 10, 2018 in the Southern District of Florida, *NLG, LLC v. Selective Advisors LLC,* Case No. 18-21398-JEM pending before Judge Jose E. Martinez, is that Judge Cristol failed to invalidate a state court judgment entered by a NY court in 2012. Despite acknowledging on the record at trial that

the state court judgment was **final and non-appealable**, NLG still hopes that this Court or Judge Martinez will rehear arguments collaterally attacking a state court judgment that have previously been made without success, most recently in front of Judge Cristol. [Emphasis added]. Judge Cristol himself questioned how a party can come back years later after a judgment has been recognized by other courts and has been recorded and satisfied.

The reason this appeal should fail is simple. Under *Rooker-Feldman*, this Court does not and should not entertain this appeal which seeks to do exactly what *Rooker-Feldman* states it cannot - that federal district courts have "no authority to review final judgments of a state court ...." *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009); *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The Supreme Court held in *Exxon Mobil Corp. v Saudi Basic Industries Corp,* 544 U.S. 280 (2005) that the "*Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* at 1521. *See also*, *Johnson v. De Grandy,* 512 U.S. 997 (1994) (*Rooker–Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." NLG lost in state court and lost before Judge Cristol. NLG attempted to vacate the judgment based on the same arguments it is again raising here in this appeal. NLG never appealed the state court final judgment but could have addressed the alleged issues of lack of due process before an appellate court sitting in the appropriate jurisdiction. Instead, NLG never sought an appeal prior to filing one now. NLG cannot now ask a federal district court to review a bankruptcy court final judgment on the basis that the bankruptcy failed to invalidate a state court final judgment. As a result, NLG cannot show it has will likely succeed on the merits.

### III.   NLG Cannot Demonstrate Irreparable Harm

Appellees believe the same arguments made as to why NLG cannot succeed on the merits also apply here.  NLG cannot be irreparable harmed if this appeal itself is founded on the application of the *Rooker-Feldman* doctrine that would not allow Judge Cristol to review a state court judgment. In addition to these arguments, however, Appellees believe they will be irreparably harmed if a stay is now imposed.

NLG failed to lodge any written or other opposition to the confirmation of the Chapter 11 Plan filed by Mrs. Hazan. NLG was present at the hearing, but stood silent as Judge Cristol confirmed the Plan and approved Mrs. Hazan's Chapter 11 Plan. Following confirmation, Mrs. Hazan substantially consummated her plan by making her Chapter 11 Plan payments to creditors paying out over $230,000 to unsecured and other creditors. Notwithstanding same, and throughout the entire confirmation and substantial consummation of Mrs. Hazan's Chapter 11 plan of reorganization process, from the date of the entry of the Final Judgment in November, 2017 to the confirmation of the Chapter 11 Plan, NLG sat and waited and did nothing to seek a stay. Only now, after Mrs. Hazan is seeking a discharge for complying with her Chapter 11 Plan that NLG steps in to try to stay the case. If any party is irreparably harmed by a stay on appeal, it will be Mrs. Hazan due to the delay in receiving the discharge she is entitled to for complying with her Chapter 11 Plan.

### IV.   The Public Interest is Not Served

The public interest cannot be served when there is no finality to legal proceedings and a party is permitted to continue litigating the same issues that were litigated to conclusion in other courts. In the adversary case pending before Judge Cristol, the parties all agreed that Judge Cristol would allow the introduction of all issues involving this dispute and that all orders and rulings submitted to Judge Cristol were final and non-appealable. It is wholly inappropriate that despite

losing time and time again before multiple courts, NLG should still be permitted to litigate these issues again before another court. The application of the *res judicata* and the *Rooker-Feldman* doctrines here should bar this appeal.

V.     **The Motion Does Not Comply with Fed. R. Bankr. P. 7062 because it Requires a Substantial Bond**

In the case at bar Fed. R. Bankr. P. 7062 requires a bond or other terms that secure the opposing party's rights.

Bankruptcy Rule 7062 Stay of Proceedings to Enforce a Judgment incorporates Rule 62 of the Federal Rules of Civil Procedure, and provides in material part:

(c) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights. If the judgment appealed from is rendered by a statutory three-judge district court, the order must be made either:
(1) by that court sitting in open session; or
(2) by the assent of all its judges, as evidenced by their signatures.
(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.
(e) Stay Without Bond on an Appeal by the United States, Its Officers, or Its Agencies. The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.
(f) Stay in Favor of a Judgment Debtor Under State Law. If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.
(g) Appellate Court's Power Not Limited. This rule does not limit the power of the appellate court or one of its judges or justices:
(1) to stay proceedings—or suspend, modify, restore, or grant an injunction—while an appeal is pending; or
(2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered.

NLG is asking to stay the Judgment on appeal without a "bond or other terms that secure the opposing party's rights" in violation of Rule 7062. It has not requested that relief from the bankruptcy court pursuant to Rule 7062, again violating Rule 8007.

NLG cites as authority *In re Subacute Services Inc.*, case 11-62366-MC-Marra (S.D. Fla 2011), an interlocutory appeal on transfer for venue, holding that in considering a stay pending appeal, the Court must consider: (1) likelihood of success on the merits; (2) irreparable injury to the appellant if the stay is not granted; (3) substantial harm to the appellee if the stay is granted; and (4) whether the public interest is served. That case cites as authority *In re Micci*, 188 B.R. 697, 699 (S.D. Fla. 1995) and *In re Bob Hamilton Real Estate, Inc.*, 164 B.R. 703, 705 (Bankr. M.D. Fla. 1994). Both cases are interlocutory appeals, *Micci* on venue, and *Bob Hamilton* on a bankruptcy motion to stay. All of the cases cited by Appellant/Defendant NLG denied a motion for stay without bond or conditioned the stay on a bond.

The Judgment at bar is non-monetary in that it is not a money judgment, but rather finds that NLG does not have a mortgage on Mrs. Hazan's homestead property because it has been redeemed.

NLG seeks to prevent Mrs. Hazan from enjoying the benefit of winning the case without posting a bond. The idea of a stay would be to prevent her from selling the property pending appeal, in the nature of a lis pendens or an injunction, both of which would otherwise require a bond or other terms that secure the opposing party's rights.

In *Tara Prods. Inc. v Hollywood Gadgets, Inc.* (S.D. Fla 2011) case no. 09-61436-CIV-Cohen/Seltzer, Magistrate Judge Barry Seltzer found, as the former Fifth Circuit has explained in *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979):

12

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

Judge Seltzer found that:

Courts have ruled that under some circumstances they do possess the discretion to stay an action without the posting of a supersedeas bond. *See, e.g., Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("District courts . . . have inherent discretionary authority in setting supersedeas bonds"; noting that Rule 62(d)'s bond requirement "does not prohibit a court, in extraordinary circumstances, from permitting an alternate form of security for a stay pending appeal"); *Fed. Pharm. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (A Rule 62(d) "bond speaks only to stays granted as a matter of right; it does not speak to stays granted by the court in accordance with its discretion."); *HCB Contractors v. Forest Elec. Corp.*, 168 F.R.D. 508, 512 (E.D. Pa. 1995) ("Posting a [Rule 62(d)] bond . . . is not the only method by which a judgment debtor can obtain a stay. The propriety of any security posted is a discretionary determination made by the court.") (internal quotation marks and citation omitted).

Judge Seltzer also found that the former Fifth Circuit has also spoken to the issue:

If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint

on the judgment debtor's financial dealings, which would furnish
equal protection to the judgment creditor.

*Poplar Grove*, 600 F.2d at 1191; *see also Cunningham v. Ariel's Gas & Food, Corp.*, No. 06-
21459-Civ, 2007 WL 3274451, at *1 (S.D. Fla. Nov. 5, 2007) (Cooke, J.) (noting that federal
courts have recognized two instances where a bond may be unnecessary to stay the execution of a
judgment - "where the defendant's ability to pay the judgment is so plain that the cost of the bond
would be a waste of money" and "where the requirement would put the defendant's other creditors
in undue jeopardy."); *Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (King, J.) (same).

 In *Branch Banking & Tr. Co. v. Kraz (In re Kraz)*, Case No. 8:17-cv-1555-T-27 (M.D. Fla,
2017), District Judge James D. Whittemore handled a case involving a non-monetary judgment
similar to the case at bar, and noted that the Eleventh Circuit has not definitively held that Rule
62(d) is limited to money judgments, and other courts have declined to limit the rule.

 Judge Whittemore found that the Eleventh Circuit has referenced Rule 62(d) in the context
of money judgments, but has not definitively addressed the scope of the rule. *See, e.g., Prudential
Ins. Co.*, 781 F.2d at 1498 ("It is within the court's discretion to fashion a security arrangement
that protects the rights of both the judgment creditor and the judgment debtor.") *Id*. at 3.

 In *Kraz*, as in the case at bar, the potential harm Debtor would suffer from a stay includes
the delay in its ability to sell the subject property: Mrs. Hazan's $12 million Fisher Island
homestead. NLG has argued that Mrs. Hazan would not be affected by a stay pending appeal
because she does not plan on selling or refinancing her Fisher Island home. However, NLG is
incorrect as Mrs. Hazan does indeed plan on selling or refinancing her home.

 Judge Whittemore concluded in *Kraz* that the harm Debtor faces if a stay is granted should
be the loss of the funds Debtor could derive from a sale of the property, plus 10% interest, "which

is the amount of supersedeas bond Appellant is required to post as a condition of the stay, necessary and adequate to provide security to Debtor during the pendency of the appeal." *Id*. at 5.

Here, the applicable bond would be at least $12 million plus 10%, the value of Mrs. Hazan's homestead sought to be further encumbered by NLG when the court has ruled it has no claim and has forever quieted Ms Hazan's title to her Fisher Island homestead residence as to all NLG's claims and has disallowed NLG's proof of claim.

**VI.** **A Bond is Warranted**

In the event this Court imposes a stay pending appeal, Appellees request that this Court requires NLG to post a bond in a sufficient amount of $12 million dollars plus 10% interest to compensate Appellees for damages. Fed. R. App. P. 8 states the Court may "condition relief on party's filing of a bond or other appropriate security in the district court." FRAP 8(a)(2)(E).

In exercising the Court's discretion on whether to require appellant to post a bond before staying an Order "the Court must determine whether the party seeking the stay pending appeal has satisfied its burden of showing that no bond is required." *In re Weinhold*, 389 B.R. 783, 787 (Bankr. M.D. Fla. 2008). "Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of supersedeas bond in the full amount of the judgment." *De la Fuente v. DCI Telecommunications Inc.,* 269 F.Supp.2d 237, 240 (S.D.N.Y.2003) (internal citations omitted).

"Where the party seeking the stay fails to satisfy its burden, the Court should exercise its discretion to require a bond." *In re Weinhold*, 389 B.R. 783, 788 (Bankr. M.D. Fla. 2008); ("Denying request to waive bond requirement because movant did "not shown any 'exceptional circumstances' to justify the waiver of a bond in this case."). "If a stay pending appeal is likely to cause harm by diminishing the value of an estate or 'endanger [the non-moving parties'] interest

in the ultimate recovery,' and there is no good reason not to require the posting of a bond, then the court should set a bond at or near the full amount of the potential harm to the non-moving parties." *In re Weinhold*, 389 B.R. 783, 788 (Bankr. M.D. Fla. 2008) (*quoting*) *In re Adelphia Communications Corporation*, 361 B.R. 337, 351 (S.D.N.Y.2007). "The posting of a bond secures 'the costs of delay incident to the appeal.'" *Id.* (*quoting*) *In re Adelphia Communications Corporation*, 361 B.R. 337, 351 (S.D.N.Y.2007).

Any delay in Mrs. Hazan's discharge will cause her significant damage due to the fact that she is currently attempting to rebuild her businesses and her credit following the successful completion of her Chapter 11 case and after having made all of her Chapter 11 Plan payments. NLG failed to seek a stay at any point in time during the Chapter 11 case or prior to or subsequent to confirmation. NLG also failed to object to Mrs. Hazan's confirmation, yet now seeks to significantly hold up Mrs. Hazan's life with legal arguments that should be dismissed at the outset. At the very least, NLG should be required to post a significant bond in the amount of $12million dollars plus 10% interest if this appeal continues forward.

### VII.   Equitable Mootness

The Eleventh Circuit has established a body of precedent holding that an appeal of a bankruptcy court order should be dismissed as moot when the plan has been substantially consummated and effective judicial relief cannot be granted on appeal. *See*, *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992); *In re Hollywell Corp.*, 911 F.2d 1539, 1543 (11th Cir. 1990), *rev'd on other grounds, Hollywell Corp. v. Smith*, 503 U.S. 47 (1992); *see also In re Winn-Dixie Stores, Inc.*, 377 B.R. 322, 330 (M.D. Fla. 2007), *aff'd sub nom, In re Winn-Dixie Stores, Inc.*, 286 F. App.'x 619 (11th Cir. 2008). As noted by the Eleventh Circuit, the "test for mootness reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to

16

seek review of a bankruptcy court order adversely affecting him." *In re Club Assocs.*, 956 F.2d at 1069 (quoting *In re Info. Dialogues, Inc.*, 662 F.2d 475, 477 (8th Cir. 1981)).

NLG argues in its Motion to Expedite Hearing [ECF No. 49] and relief on its Motion to Stay, that "the Motion To Re-Open Case and Discharge Debtor prompted NLG" to file the instant Motion for Stay of Judgment Pending Appeal." *See*, [*In Re Hazan, Case No. 16-10389-AJC, Notice of Hearing Motion To Re-Open Case and Discharge Debtor ECF No. 702*].

Remarkably, NLG alleges that until Mrs. Hazan filed her Motion for Discharge, NLG had no basis to seek a stay because it could not show irreparable harm if a stay were not granted.

NLG also correctly believes that absent a stay, and now with confirmation and substantial consummation of Mrs. Hazan's plan of reorganization, its appellate rights will be extinguished as they become equitably moot.

The Judgment on appeal was entered on November 1, 2017 – now eight months have gone without NLG seeking a stay, and there is no other reason offered as to why Mrs. Hazan's discharge would affect the Judgment on appeal.

NLG has also recently appealed the confirmation of Mrs. Hazan's plan of reorganization to this Court: Case 18-cv-22564 KMW, and has referenced the pendency of the appeal at bar in its new notice of appeal.

Bankruptcy Judge A. Jay Cristol recognized that appeals can be moot if no stay is in place in the bankruptcy court:

> MR. LANGLEY: Very good. Thank you, Judge.
> 8 We have essentially worked out every
> 9 other -- agreements with every other creditor. I don't
> 10 know that anybody is actually objecting from NLG. If we
> 11 need to address that, we will.
> 12 MR. RAMIREZ: Yes. Well, I just want to
> 13 make sure the Court realizes that we have an appeal
> 14 pending, and the appeal was reinstated by Judge Gayles.
> 15 Now they have raised the fact that they don't think your

16 final order that you entered in the adversary proceeding
17 was, indeed, a final order, so they are -- raised that
18 now. So if that is not a final order, then that is still
19 pending before you in this -- in this case.
20 THE COURT: And has there been a supercedes
21 entered in that case?
22 MR. LANGLEY: Yeah, nothing -- nothing
23 entered, Judge.
24 Mr. Ramirez is correct, there is an issue
25 pending before Judge Gayles on whether the final judgment
1 of November 1, that's the -- the name of the document,
2 whether it's actually final for appellate purposes. It
3 resolved three out of nine counts in the adversary, it
4 left some remaining to go to trial, so I think it pretty
5 clearly is not, but that's an issue for Judge Gayles.
6 For confirmation purposes, there's nothing
7 in the NLG matters that would affect confirmation. The
8 final judgment of November 1, 2017 is the law of the case
9 and it states that the mortgage has been satisfied, that
10 the claim has been disallowed, and that NLG has no
11 standing in this case.
12 The Tucker case that we cited to the Court
13 in our motion, and I have a copy if the Court would like
14 it, it stands for the -- it's a Middle District case, it
15 stands for the proposition that absent a motion for stay
16 relief, the pendency of an appeal is not an impediment to
17 confirmation.
18 So despite everything else that we're doing
19 with NLG ---
20 THE COURT: Well, it is not unless there is
21 a stay in place, but you're saying there is no stay.
22 MR. LANGLEY: There's no stay.
23 THE COURT: Mr. Ramirez, do you agree there
24 is no stay?
25 MR. RAMIREZ: There is no stay, Judge.
1 THE COURT: Okay.
2 MR. RAMIREZ: But I just want to correct
3 that it's not the law of the case until the appellate case
4 is decided.
5 THE COURT: **Well, but if something happens**
**6 in the interim, it may moot out the appeal, that's why it**
**7 makes a big difference. If there's a stay, then nothing**
**8 can happen until that matter is decided, but if there is**
**9 no stay and things go along a track to where they're not**
**10 reversible, then it possibly or probably would moot the**
**11 issue…**

18

Transcript, May 30, 2018 confirmation hearing, Pages 6 through 8.

### VIII.   The Clearly Erroneous Standard

Even if NLG was able to succeed on the pending motion to dismiss for lack of finality and then succeed on equitable mootness, NLG must also show that it is probable that this Court will find the judgment on appeal to be clearly erroneous because this Court when conducting an appellate review of a bankruptcy court's findings of fact, must apply a clearly erroneous standard.

As Judge James Lawrence King found *In re Charles M. Powell*, 108 B.R. 343 (S.D. Fla. 1989), a finding is "clearly erroneous" when it is not supported by the record or "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (*citing*) *Trust Co. Bank v. MGM/UA Entertainment Co.*, 772 F.2d 740 (11th Cir.1985), (*citing*) *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

The judgment on appeal contains fifteen pages of findings of fact that NLG's rights were assigned to Selective and redeemed, so that NLG had been paid, the mortgage, the note and Scola judgment on the note have been paid and satisfied and disallowing its claim against Mrs. Hazan. The judgment on appeal forever quieted Mrs. Hazan's Homestead Fisher Island residence as to all of NLG's claims. The Honorable A. Jay Cristol issued a very meticulous and detailed opinion that is currently on appeal before this Court.

NLG's assertion that it can show likelihood of success on appeal should not be persuasive. It has to show it is probable that the district court will find the judgment on appeal clearly erroneous. It is only when the second, third, and fourth factors discussed above heavily weigh in favor of a stay that the standard for showing a likelihood of success on the merits of the appeal drops from "probable" to "substantial"; and the factors discussed above do not weigh heavily in favor of NLG.

**CONCLUSION**

For the reasons set forth there, NLG's Motion to Stay should be denied. NLG failed to comply with FRAP 8 by not first seeking stay before the bankruptcy court [Judge A. Jay Cristol]. NLG's Motion to Stay also does not set forth any grounds for this Court to entertain a stay under FRAP 8(a)(2). On its face, the Motion to Stay is deficient and should be denied outright.

In addition to the pleading deficiencies, NLG does not meet even the minimum requirements for imposing a stay pending appeal. NLG has not shown how it has a likelihood of success on the merits given that all courts have denied NLG's attempts to vacate the Quebec Judgment and have rejected NLG's arguments of fraud. NLG cannot be irreparably harmed at this stage of the case because it has already lost in every other jurisdiction and has not been able to vacate the Quebec judgment entered in 2012. This appeal and the previous litigation easily pass all of the tests for *res judicata* and collateral estoppel. The parties are the same and all of these proceedings arise from the same nucleus of operative facts. This is merely another attempt by NLG to forum shop and look for another court to hear these arguments, but the only appropriate forum under *Rooker-Feldman* is before the state court that entered the Quebec Judgment. It was not appropriate for Judge A. Jay Cristol to act as an appellate court over the state court judgment and similarly should not form the basis of an appeal before this Court.

Accordingly, Appellees, Liza Hazan a/k/a Elizabeth Hazan and Selective Advisors Group, LLC respectfully request this Honorable Court enter an order denying the Motion for Stay, or alternatively, if granted, requiring NLG to post a substantial bond in the value of at least $12 million dollars plus 10% interest if it seeks to hold up Mrs. Hazan's life during the pendency of this baseless appeal.

Respectfully submitted,

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
*Co-Counsel for Appellee, Liza Hazan a/k/a Elizabeth Hazan*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (954) 462-8000
Facsimile (954) 462-4300

By: ___/s/ Chad P. Pugatch_____
        CHAD P. PUGATCH
        Florida Bar No. 220582
        cpugatch@rprslaw.com
        GEORGE L. ZINKLER, III
        Florida Bar No. 586986
        gzinkler@rprslaw.com

And

**JOEL M. ARESTY, P.A.**
*Co-Counsel for Appellee, Liza Hazan a/k/a Elizabeth Hazan*
309 1st Avenue South
Tierra Verde, FL 33715
Telephone No. (305) 904-1903
Facsimile No. (800) 559-1870
Email: Aresty@Mac.com

By: */s/ Joel M. Aresty*_____
        JOEL M. ARESTY
        Florida Bar No. 197483

And

**MARSHALL SOCARRAS GRANT, P.L.**
*Counsel for Selective Advisors Group, LLC*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email: jgrant@msglaw.com

By: */s/ Joe M. Grant*_____
        JOE M. GRANT
        Florida Bar No. 137758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of July, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: ___/s/ Chad P. Pugatch_____
CHAD P. PUGATCH

## SERVICE LIST

**1:17-cv-24127-DPG Notice will be electronically mailed to:**

Astrid Evelyn Gabbe   AstridGabbe@gmail.com, astridgabbe@aol.com

Chad Philip Pugatch   cpugatch@rprslaw.com, cpugatch.ecf@rprslaw.com

David William Langley   dave@flalawyer.com, emily@flalawyer.com

Drew Michael Dillworth   ddillworth@stearnsweaver.com, cgraver@stearnsweaver.com, fsanchez@stearnsweaver.com, mfernandez@stearnsweaver.com, rross@stearnsweaver.com

George Leo Zinkler , III   gzinkler@rprslaw.com

Joel Maurice Aresty   aresty@mac.com

Joey Michael Grant   jgrant@msglaw.com, 6120950420@filings.docketbird.com, efile@msglaw.com, jenna-munsey-6083@ecf.pacerpro.com, rstreit@msglaw.com

**1:17-cv-24127-DPG Notice will not be electronically mailed to:**

Drew M. Dillworth
150 West Flagler Street
Suite 2200
Miami, FL 33130

J:\WPDocs\George Zinkler\Hazen\Joint Response in Opposition to Motion to Stay GLZ.docx