**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 17-cv-24127-DPG**

NLG, LLC,

      Defendant/Appellant

v.

SELECTIVE ADVISORS GROUP, LLC, and
LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Plaintiffs/Appellees

                                        /

## NLG REPLY TO APPELLEES' OPPOSITION [ECF NO. 77] TO MOTION FOR RELIEF FROM ORDER DISMISSING APPEAL [EFC NO. 74] OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO APPEAL AND REINSTATMENT OF APPEAL

Appellant NLG, LLC ("NLG"), through undersigned counsel, hereby files its Reply to Appellees' Opposition [ECF No. 77] to Motion for Relief from Order Dismissing Appeal (the "Dismissal Order") [ECF No. 74] pursuant to FRCP 59(e) and 60(b)(5) or in the alternative Motion for Leave to Appeal pursuant to 28 U.S.C. § 158(a)(3) and reinstatement of appeal [ECF No. 75] and states as follows:

There is new evidence which was unavailable at the time that NLG filed its motion for relief and that is the September 20, 2018 hearing before Judge Cristol. [*See* Transcript, ECF No. 78]. He confirmed what NLG had represented to this Court about the Final Judgment:

> THE COURT: Well, initially I was under the impression that those matters that were sent up on appeal were a final order. However, it's always wonderful when a district judge educates me on my errors, and apparently, according to Judge Gayles, the decision wasn't a final order. Ultimately, those issues are going to be appealed, and the question is whether it's worthwhile to certify them and send them up separately now, or whether to send the case over to the District Court to try those -- five more counts or six counts? [Exhibit 1 page 19 starting at line 7]

Appellant NLG, LLC's Reply to Opposition to Motion For Relief
Case No. 17-cv-24127-DPG
Page 2 of 4

Judge Cristol further stated:

> THE COURT:  …But I do believe that in any event, those counts will have to go to the District Court for trial, not trial here, since it's been pointed out that **I cannot enter a final judgment** on them. [*See* Exhibit 1 page 20 starting at line 3].

It should not be abundantly clear that Judge Cristol intended to enter a final judgment and in his mind he thought that he entered a final and appealable judgment when he entered the November 1, 2017 Final Judgment under appeal herein.

At the end of the hearing, Judge Cristol asked the parties to submit proposed findings and conclusions by October 11, 2018, while making it clear that he would not sign any order until Judge Williams ruled on the pending motion to withdraw the reference pending in front of her. Thus, Judge Cristol is waiting for Judge Williams and NLG's appeal is being thwarted because Judge Cristol did not specifically state that there was no reason for delay under Rule 54(b) and the Final Judgment of November 1, 2017, was immediately appealable.

In its Response, plaintiffs argue that NLG should have raised this issue initially and requested that Judge Cristol certify appealability under Rule 54(b), forgetting that they were the ones arguing vehemently that the Final Judgment was final -- until this Court reinstated the appeal. There is no doubt after the hearing on September 20, 2018, that Judge Cristol intended to sever the six non-core counts because NLG did not consent to the entry of a final judgment on those counts and he believed "those counts will have to the District Court for trial, not trial here."[1]

---

[1] In footnote 2 of their Response, the plaintiffs argue that "Judge Cristol nowhere suggested that the remaining claims would need to be tried in the district court." In fact, Judge Cristol did precisely that at the hearing on September 20, 2018.

Appellant NLG, LLC's Reply to Opposition to Motion For Relief
Case No. 17-cv-24127-DPG
Page 3 of 4

This Court can eliminate a great deal of legal posturing and interpret Judge Cristol's Final

Judgment as he intended it: to effectuate a severance, as opposed to a bifurcation, such that Rule

54(b) is not applicable, because the final judgment disposed of all the issues pending before the

bankruptcy court.

WHEREFORE, for the reasons set forth, NLG respectfully requests that the Court grant

of relief from its Order dismissing the appeal [ECF No. 74]; or in the alternative, grant leave to

appeal and reinstate the instant appeal.

Dated September 24, 2018.

Respectfully submitted,

**Attorneys for Appellant NLG, LLC**

Juan Ramirez, Jr.
ADR Miami, LLC
Florida Bar No. 201952
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609
jr@adrmiami.com

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of foregoing was served via CM/ECF,

email or U.S. Mail to the parties on the attached service list as indicated on this 24th day of

September 2018.

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882

Appellant NLG, LLC's Reply to Opposition to Motion For Relief
Case No. 17-cv-24127-DPG
Page 4 of 4

Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

## SERVICE LIST

### Via CM/ECF/Email

Joe M. Grant, Esq. on behalf of Selective Advisors Group, LLC
jgrant@msglaw.com, efile@msglaw.com; mg197ecfbox@gmail.com;sleary@msglaw.com

David W. Langley on behalf of Liza Hazan
dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Juan Ramirez, Jr. Esq. on behalf of NLG, LLC

Joel M. Aresty, Esq. on behalf Liza Hazan
aresty@mac.com

Chad Philip Pugatch on behalf of Liza Hazan
cpugatch@rprslaw.com, cpugatch.ecf@rprslaw.com

Daniel A. Bushell on behalf of Appellees